## John Nangle v. Maria Mullanny, et al.

### Gen. No. 11,011.

113    457
a212s  247

1. WILLS—*how, construed.* In the construction of a will the intention of the testator controls, and that intention is to be determined by an examination of the whole instrument viewed in the light of the settled rules of law, so far as applicable.

2. WILLS—*testator presumed to know law.* In construing a will it must be presumed that the testator knew the law.

3. EXECUTORS—*when, become trustees without specific appointment.* Persons appointed as executors of a will become trustees thereunder by implication of law where the will imposes upon such executors duties other and further than the mere settlement of the estate.

4. EXECUTOR—*when revocation of appointment of, operates also as the revocation of his appointment as trustee.* Where an executor is appointed by a will and he is by implication of law also trustee thereunder, a revocation of his appointment as executor operates, likewise, as a revocation of his appointment as trustee.

5. TRUSTEE—*power of court of chancery to fill vacancy in office of.* When there are two trustees appointed by a will and a vacancy occurs and the will does not place the power of appointment elsewhere, a court of equity will, in a proper case, upon due application, fill such vacancy.

6. SURVIVING TRUSTEE—*when entire duties devolve upon.* Where there are two persons appointed as executors without direction as to successors, and one of them dies, resigns, or renounces the trust, the entire trust devolves upon the remaining trustee, and so long as the survivor continues to act there is no vacancy and hence there is neither cause for, nor power in a court of equity to name a second trustee.

Bill to construe will and for other relief. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1902. Reversed and remanded with directions. Opinion filed April 11, 1904.

**Statement by the Court.** Dominick Mullanny died September 6, 1901, leaving a last will and testament. So far as concerns the present contention, the following extracts are material:

" First. I direct my executors hereinafter named to pay all my just debts and funeral expenses as soon after my decease as possible.

Fourth. I direct that my said executors or their successors shall expend a sufficient sum of money to keep my lot in Calvary Cemetery in good condition and repair.

Sixth. I hereby give, devise and bequeath to my executors, Thomas Brenan and James Healy, hereinafter appointed as such, or to the survivor of them, all the rest and residue of my estate, real, personal and mixed, of every kind and nature whatsoever, wherever situated, in trust to have for the following purposes, to wit:

Tenth. I hereby give and grant to my said trustees full power to sell and convey my real estate known as No. 1466 Indiana avenue in said city of Chicago, for such sum and on such terms as they may deem proper.

I hereby nominate and appoint Thomas Brenan and James Healy to be the executors of this my last will and testament upon their giving bonds or other security as the Probate Court may direct."

The second codicil to said will contains the following:

"I hereby nominate and appoint my nephew John Nangle with Thomas Brenan nominated and appointed in my said will, as and to be the executors of my said last will and testament and all codicils hereto; the appointment of James Healy mentioned in my said last will and testament as executor thereof being hereby revoked and set aside.

Second. I hereby will and direct that the said trustees pay out of my said estate to Maria Mullanny in said will mentioned, the sum of $60 per month," etc.

Thomas Brenan declined to act under said will either as executor or as trustee. The will was duly probated in the Probate Court of Cook County, Illinois, and letters testamentary were issued to plaintiff in error October 30, 1901.

In December, 1901, defendant in error, Maria Mullanny, the mother and the guardian of the two grandchildren of the testator, filed a bill in the Superior Court, stating that Thomas Brenan had declined to act under such will, and praying that Edward F. Dunne might be appointed as trustee under the will, that the will might be construed, and for general relief. After answer filed by plaintiff in error, she amended and re-amended her bill, showing that Edward F. Dunne, November 26, 1901, was duly appointed with said John Nangle, executor of said will, and had qualified as such, and praying that the court would construe said will and codicils so as to determine the question whether or not by the second codicil, John Nangle was

Nangle v. Mullanny.

appointed trustee in place of James Healy; and if he was, that then the court would appoint a new trustee in the place of Thomas Brenan, who had renounced the trust.

Plaintiff in error answered said bill as last amended, controverting the interpretation of said will as set forth in the bill, and denying the right to the relief prayed for therein as if he had demurred thereto.

In May, 1902, upon the hearing the learned chancellor decided that upon the true construction of the said last will and said codicils thereto, it was the intention of the said testator that the said John Nangle should be substituted as the trustee of said will and codicils thereof for and in the place of the said James Healy; that it was the intention of the said testator to devise said property to said John Nangle as the same was devised to the said James Healy in said will; and that it was the intention of the said testator that there should be two trustees under his said will; and thereupon appointed Edward F. Dunne, so appointed as an executor of said will, to be a trustee of said will jointly with said John Nangle in the management of said estate; and vested in said Nangle and Dunne all the residuary estate of said testator.

September 29, 1902, said Edward F. Dunne refused to act as such executor and trustee. The next day the chancellor, the facts being made known to him, appointed said defendant in error Maria Mullanny trustee of said will in place of said Edward F. Dunne.

From this final order plaintiff in error perfected this appeal.

CHARLES E. HAMILL, for plaintiff in error.

PATRICK H. O'DONNELL and WILLIAM DILLON, for defendants in error.

MR. JUSTICE BALL delivered the opinion of the court.

The contention of plaintiff in error is that he is the surviving and sole trustee under this will and codicil. It is admitted that Brenan and Healy had renounced as trus-

tees and had refused to act as such before the cause was heard. The intention of the testator, when ascertained, governs. That intention is to be determined by an examination of the whole instrument, viewed in the light of the settled rules of law, so far as they are applicable.

By this will the testator did not name Brenan and Healy as trustees, but did name them as executors. They become trustees because he gives, devises and bequeaths to his executors, " or to the survivor of them " all the rest and residue of his estate " in trust," etc. In other words they are not appointed as executors and trustees, but are appointed as executors only. They become trustees by implication of law, for the reason that the testator imposes upon them further and other duties than the mere settlement of his estate. In the second codicil he nominates and appoints " my nephew, John Nangle, with Thomas Brenan nominated and appointed in my said will, as and to be the executors of my said last will and testament and all the codicils thereto; the appointment of James Healy mentioned in my said last will and testament as executor being hereby revoked and set aside." The same language is used in the removal of Healy and in the appointment of Nangle in his stead as is used in the will in naming Brenan and Healy as his executors.

In the same codicil, after this change in the person of one of his executors is made, the testator directs that his " said trustees " pay out of his estate to Maria Mullanny $60 per month during her life, etc. From the context it is clear that by the phrase " said trustees " the testator referred to Nangle and Brenan, then his executors. No further change is made. It follows that when the testator departed this life Thomas Brenan and John Nangle were his executors, and by implication of law were also his trustees. Afterward Brenan resigned, and Nangle only remained. In this state of the case the court below entered the decree from which this appeal was taken.

The question arises, was there a vacancy in the office of trustee, or did such duties devolve upon Nangle only? It

is elementary that when a vacancy occurs in such an office, and the will does not place the power of appointment elsewhere, a court of chancery, upon proper application, may and should fill the vacancy. The desire of the testator, if expressed, should be and is respected. He may mold the trust in whatever form he pleases. If under the terms of the will there be no vacancy, the court has no power to interfere by a new appointment.

The testator must be held to know the law. Had he intended that his estate should always be under the charge of two persons, he would have stated in substance that in case of the death, of the failure to qualify, or of the resignation of one of his executors, the survivor of them, or the court should have the power to appoint another; since the law is well settled that where two persons are appointed as trustees without direction as to successors, and one of them dies, or resigns, or renounces the trust, the entire trust devolves upon the one remaining. In such case, and so long as the survivor continues to act, there is no vacancy, and hence there is neither cause for nor power in a court of chancery to name a second trustee. This is the settled law. In Adams v. Taunton, 5 Maddox, 435, the testator devised all his estate to A. and C., their heirs, executors, administrators and assigns, in trust to sell the same and to divide the proceeds as was in his will provided; and he also made A. and C. his executors and declared that the receipts of A. and C. should be a sufficient discharge to purchasers. After the death of the testator, C. renounced the trust. A. proved the will and sold the real estate, in part, to Taunton, who refused to complete his purchase for the reason that C. declined to join in the receipt for the purchase money. A. filed a bill for specific performance. After full argument the vice chancellor said: " It being now settled that a devise to A., B. and C. upon trust is a good devise as to such of the three as accept the trust, it follows by necessary construction that by the receipt of the trustee is to be intended the receipt of those who accept the trust." In Brownell v. Reed, 1 Hare, 434, it is decided that " The dis-

claimer of one of several trustees did not, in law, affect the estate of the others, but had the effect of vesting it in them exclusively. (Citing cases.) The testator must be presumed to know what the legal consequences of the death or disclaimer of some of the devisees would be." See, also, Sands v. Nuyce, 8 Simons, 130; Cook v. Crawford, 13 Simons, 90; Shockley v. Fisher, 75 Mo. 498; Long v. Long, 62 Md. 57; King v. Donnelly, 5 Paige, 46; Ellis v. Ry. Co., 107 Mass. 13; In re Turner, 2 De Gex, F. & J., 527; Hill on Trustees, (side page,) 226; Perry on Trusts, sec. 273. "It is clear that by the common law, and also by an express provision of the statute (sec. 5, ch. 30), the estate of trustees is held in joint tenancy, and hence upon the death of one of several trustees nothing passes to his heir or personal representatives, but the whole estate devolves upon the survivor." Golder v. Bressler, 105 Ill. 434. See also Mittel v. Kral, 133 Ill. 70.

The revocation of the appointment of James Healy as executor revoked his implied appointment as trustee. It is manifest that in this case the testator intended that the same person who acted as executor should, by virtue of that office, also act as trustee. Barnet v. Wilkins, 5 Jur. N. S. 687; Schouler on Executors, 247, 2nd ed. We are of the opinion that John Nangle is the sole surviving executor and trustee under said will and codicil. It follows that the decree entered herein must be and it is affirmed so far as it finds John Nangle was appointed trustee as well as executor of said will in the place of James Healy removed; and that it must be and it is reversed so far as it finds it was the intention of said testator that there should be two trustees under his said will, and decrees the appointment of a second trustee; and the cause is remanded with directions to the court below to enter a decree in accordance with this finding.

Plaintiff in error will recover his costs in this court and in the Superior Court.

*Reversed and remanded with directions.*