# Gillespie's Estate.

*Trusts and trustees—Surcharge—Distribution—Spendthrift trust —Will.*

1. A distributee who has been paid or who has taken more than his share of an estate, is not entitled to participate with others in subsequent distributions.

2. Where a testator directs that three years after the death of his wife, his residuary estate shall be divided into nine parts, one of which he gives absolutely to a son who had been his executor,

and the other eight parts are given to the son and another to hold in trust for other children and grandchildren under a spendthrift trust, the son cannot claim that his own share is protected by the spendthrift trust, and therefore cannot be taken to make up a deficiency in his accounts as executor.

3. There can be no valid spendthrift trust in favor of a trustee as to his own share of the estate, where the absolute ownership of the subject of the trust as to such share, whether income or principal, is vested in the trustee.

Argued February 2, 1922. Appeal, No. 96, Jan. T., 1922, by James L. Gillespie, from decree of O. C. Phila. Co., Oct. T., 1896, No. 101, dismissing exceptions to adjudication in estate of Thomas Gillespie, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of LAMORELLE, P. J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed in opinion by GUMMEY, J. James L. Gillespie appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Thomas Boylan,* for appellant.—The trustee was entitled to share with the others: Overman's App., 88 Pa. 276; Thackara v. Mintzer, 100 Pa. 151; Hahn v. Hutchinson, 159 Pa. 133; Hance's Est., 69 Pa. Superior Ct. 432; Wanner v. Snyder, 177 Pa. 208.

The phraseology of the present will meets the requirements which were lacking in Hall's Est., 248 Pa. 218, and McCandless's Est., 58 Pitts. L. J. 28, and comes well within the reasoning of this court in Beck's Est., 133 Pa. 51, and Goe's Est., 146 Pa. 431.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* with him *Alexander M. Haig,* for appellees.—A valid spendthrift trust was not created as to appellant's share: Land-

messer's Est., 13 Pa. Superior Ct. 467; Reed's Est., 237 Pa. 125.

Assuming the existing of such a trust, appellant is not protected where he has been surcharged for an amount in excess of his share by reason of his failure to account for funds which came into his possession: Hart's Est., 203 Pa. 503.

OPINION BY MR. JUSTICE WALLING, March 6, 1922:

Thomas Gillespie, late of Philadelphia, died in 1895, leaving a widow, six children and three grandchildren, also a last will wherein he appoints his son, James L. Gillespie, the appellant, sole executor and gives to him as such the entire residuary estate, in trust, inter alia, to pay testator's widow the net income thereof during her natural life. Appellant served as executor until 1901, when he resigned, pending proceedings for his removal. Thereafter he filed an account, the adjudication of which in 1902 showed him indebted to the estate in the sum of $22,158.27, for misappropriation of its funds, no part of which was ever repaid. The widow died in 1917, and, in 1920, the substituted trustees filed an account showing a balance of $104,997.36, to one-ninth of which appellant would be entitled under the will. His claim thereto, however, was rejected by the auditing judge and court below because he had taken from the estate, while its executor, nearly double what would otherwise be his share in the fund for distribution. The decree to that effect forms the basis of this appeal by him.

The rule is uniform that a distributee who has been paid or has taken more than his share of an estate is not entitled to participate with others in subsequent distributions, and that where he has obtained an advance partial payment he must wait, before receiving more, until the others are equalized with him: Reed's Est., 237 Pa. 125; Landmesser's Est., 13 Pa. Superior Ct. 467. This principle is not controverted, but appellant contends he

is a beneficiary under a spendthrift trust in the will and therefore not chargeable here with what he misappropriated while acting as executor. No such trust in his behalf, however, is found in the will, although he is continued as trustee of the estate for three years after the death of his mother. During that time he is annually to divide the net income into nine equal parts and pay one to his brother William H., one to his sister Elizabeth, one to himself (James L.), one to his brother Thomas J., one to his brother Edmund H., one to James Leiper Gillespie (appellant) and Edward W. Magill, trustees for testator's daughter, Rebecca, and the remaining three parts to James Leiper Gillespie as trustee severally for testator's three grandchildren. The will also states that, "at the expiration of the said three years the entire principal of my residuary estate shall be divided into nine equal parts or shares, and one of the said equal parts or shares shall be paid unto my son, James Leiper Gillespie, his heirs and assigns in fee." The other eight parts of the principal are in the same paragraph given to James Leiper Gillespie and Edward W. Magill, as trustees severally for the remaining five children and three grandchildren, above mentioned. In each of the four clauses where income is given in trust, and in each of the eight clauses where principal is given in trust, the will states, "under the terms and conditions of the trust hereinafter set forth," while no such language is found where the income or principal is given directly. The paragraph of the will which we are considering concludes as follows, viz: "It is my intention and I hereby direct that the income and principal of my residuary estate herein given in trust for my children and grandchildren shall be for their sole and separate use and without liability for their or any of their debts, engagements, contracts, or liabilities of any kind whether by anticipation or otherwise howsoever." So it is manifest that the only beneficiaries who come within the terms of the spendthrift trust are those for whom the income or

principal is given in trust and cannot apply to appellant whose share of each is given to him directly. This is why the testator makes each of the twelve shares (four of income and eight of principal), given in trust, expressly subject to the spendthrift clause, while making no such stipulation as to either of the six shares (five of income and one of principal) given absolutely. Hence, the testator is not justly chargeable with having done so strange an act as to make his most trusted son sole executor of his will, and a trustee thereunder, with large powers, and then deprive him of the control of his own one-ninth part of the estate.

Moreover, appellant's share, both of income and principal, is given to him directly as sole owner, and there can be no valid spendthrift trust where the trustee is also the beneficiary, with the absolute ownership of the subject of the trust, whether income or principal: Ehrisman v. Sener, 162 Pa. 577; Hahn v. Hutchinson, 159 Pa. 133; and see Breinig v. Smith et al., 267 Pa. 207; Kaufman v. Burgert, 195 Pa. 274; Morgan's Est. (No. 1), 223 Pa. 228.

The assignments of error are overruled and the decree is affirmed at the costs of appellant.