## 11162

### BIGNON v. RELIANCE LIFE INSURANCE CO.

#### (116 S. E., 427)

Appeal and Error—Admission of Irrelevant and Incompetent Evidence Harmless Where Result Could Not Have Been Affected.—In an action on a life insurance policy where in plaintiff was beneficiary, the admission of alleged incompetent and irrelevant testimony by the Coroner that insured had committed suicide, and as to the reasons why an inquest was not held, if error, *held* harmless, since, even if all of it were eliminated, the jury could have returned no other verdict than that which they did.

Before Whaley, J., County Court, Richland, June, 1922. Affirmed.

Action by Mattie M. Bignon against Reliance Life Insurance Co. Verdict for defendant and plaintiff appeals.

*Messrs. Cooper & Winter* and *Jas. S. Verner,* for appellant, cite: *Opinion by witness as to cause of accident is not admissible:* 91 S. C., 538; 74 S. C., 232.; 59 S. C., 311; 22 C. J., 485, 489; 498–500, 502. *If coroner had held an inquest, the verdict would have been inadmissible:* 25 Cyc., 943; 13 C. J., 1256, Note 15; 36 S. C., 499. *Testimony was inadmissible and prejudicial:* 117 S. C., 44; 93 S. C., 287.

*Mr. Edward L. Craig,* for respondent, cites: *Opinion is harmless where another witness has testified to same effect:* 17 Cyc., 62. *And where jury upon undisputed evidence must have reached same conclusion as witness, error, if any, was harmless:* 17 Cyc., 61, 60. *Court could reach no other conclusion than that deceased committed suicide:* 76 Am. St. Rep., 905; 29 So., 523.

March 19, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This action was commenced by plaintiff in the County Court of Richland County to recover the sum of $2,000 under policy of insurance for that amount, issued by the defendant on the life of Frank I. Bignon, naming the plaintiff as beneficiary. Frank I. Bignon died on the 26th day of December, 1921. The case was heard on the 1st day of June, 1922, by Hon. M. S. Whaley, County Judge, and a jury. The trial resulted in a verdict in favor of defendant, and judgment was entered thereon, from which judgment the plaintiff has appealed to the Supreme Court, the notice of intention to appeal having been served on June 9, 1922."

The exceptions are:

"(1) Because his Honor erred in allowing the witness J. B. Scott, coroner for Richland County, to express as his opinion that the deceased, Frank I. Bignon, committed suicide, and that he saw no accident there, when such testimony was incompetent and tended to influence the jury to such a conclusion, especially coming from an officer of the law.

"(2) Because his Honor erred in allowing the witness J. B. Scott to testify that he did not hold an inquest over the body of deceased, and to state his reasons for not holding an inquest, said evidence being irrelevant to the issues, the same being merely a statement of the witness' refusal to hold an inquest, and his reasons therefor, such evidence being highly prejudicial to plaintiff's rights."

These exceptions are overruled, for the reason that, taking the testimony in the case with that complained of as being prejudicial and harmful as made by the exceptions, and eliminating the whole of it, yet the jury could not have found any other verdict. Any other verdict would have been founded on sympathy or caprice; under the evidence a verdict could not have been found for the plaintiff; and under

the evidence, with that of the coroner eliminated, the jury was bound to find a verdict for the defendant, and any reasonable jury would have done so.

Judgment affirmed.

Mr. CHIEF JUSTICE GARY, and MESSRS. JUSTICES FRASER and MARION concur.

Mr. JUSTICE FRASER: I concur for the reason that his Honor allowed the coroner's official reasons which were based on admissions of the plaintiff. He explicitly excluded the coroner's opinion.