## No. 12,857.

### WALTON *v.* WORMINGTON ET AL.

(2 P. [2d] 1088)

Decided June 29, 1931. Rehearing denied September 21, 1931.

Mr. EVERETT BELL, for plaintiff in error.

Messrs. VAN CISE & ROBINSON, Mr. J. E. ROBINSON, for defendants in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

ADDIE W. Walton, daughter of Charles Walton Wormington, deceased, sued her mother, Adrienne R. Wormington, Hannah M. Wormington, her sister, and the Colorado National Bank seeking a judicial determination of her rights under the will of her grandfather, Henry Wormington, deceased. She prosecutes this writ to review an adverse judgment.

Henry Wormington died testate May 27, 1911, leaving surviving him, five children, Charles Watkin Wormington, Clarence Tynon Wormington, Ida Mae Cambridge, Elizabeth Frances Dodge and Alice Maud Roundtree. His will, after authorizing the payment of his debts, provided:

"Second. I hereby devise and bequeath to my children, Charles Watkin Wormington, Clarence Tynon Wormington, Ida Mae Cambridge, Elizabeth Frances Dodge and Alice Maud Roundtree, all and singular the personal property of which I may die possessed, and real estate of which I may die seized, without limitation, wherever the same may be or situate, to share, equally and alike, save and except I devise and bequeath to my said children above named, for and during their life or lives, all of my rental income of the lease made to The Dome Investment Company, to and for lots fifteen (15) and Sixteen (16) in Block 128 in East Denver, in the city and county of Denver, and state of Colorado, to be by my said children shared equally and alike. That said rental income shall be paid directly to my said children, for their respective one-fifth interest, and shall not be liable to attachment, execution, lien or transfer, assignment, pledge, or otherwise hypothecated by or against my said children, or either of them; and their personal receipt for their said interest shall only be recognized or taken by or received by the payor, my executor, or any other person authorized to pay said money to them, or either of them.

"Third. In the event that my children, or either of them, do not survive me, then the interest of said child not surviving me, who dies without issue shall go and become a part of the legacy of that of my said surviving children.

"Fourth. In the event of the death of my children, or either of them, leaving issue, said issue shall take the part or portion of the deceased child by right of representation absolutely."

Charles Watkin Wormington died intestate May, 1923, leaving him surviving, his widow, Adrienne R. Wormington and his three children, Addie W. Walton, plaintiff in error, Hannah Marie Wormington and Warren Watkin Wormington.

Warren Watkin Wormington having acquiesced in the construction of the will contended for by defendant in error, Adrienne R. Wormington, and having no interest in the controversy was not joined as a party.

It appears that Clarence Tynon Wormington, son of Henry Wormington, deceased, died intestate July, 1913. Thereupon his interest in said property vested in his four surviving brothers and sisters, and Charles Watkin Wormington became entitled to a one-fourth interest instead of the original one-fifth interest devised by the will of his father.

When Henry Wormington died he owned the front 52 feet of lots 15 and 16, Block 128, East Denver, and his wife, Hannah Wormington, owned the rear 73 feet thereof. On this property had been built the Denver National Bank Building. On February 1, 1907, Henry Wormington and his wife executed a 99-year lease to said property to the Dome Investment Company at an annual rental of $8,400, payable semi-annually and to be divided equally between the lessors. By agreement both before and after the death of Henry Wormington, all rentals were paid to and disbursed by the Colorado National Bank. While there is now in the hands of the Colorado National Bank only $1,026.67, representing the undistributed interest

which would have gone to Charles Watkin Wormington had he been living, the decision in this case determines the distribution of rentals for the duration of the lease.

The specific question here to be determined is whether under this will, Charles Watkin Wormington took the fee title to a one-fifth interest in the property and the income derived therefrom, as contended by defendant in error, or whether he received merely a life estate therein, with remainder to his children, as claimed by plaintiff in error.

If we adhere to the former, the construction as adopted by the district court, Adrienne R. Wormington, widow of Charles Watkin Wormington, deceased, is entitled to one-half of one-fifth and each of his children are entitled to one-sixth of one-fifth. If the latter, each child is entitled to one-third of said one-fifth interest.

By the second paragraph of his will, the testator unquestionably intended to devise and bequeath to his five children his entire personal and real estate without limitation and attempted to except said lease, devising an inalienable life estate in the income therefrom to his children. His intent must control if the law permits, otherwise not.

The law does not sanction the creation of a life interest in the income of an estate devised in fee to the same persons, because a devise of real estate in fee includes as a necessary incident thereof, the absolute right to the income therefrom perpetually. The attempted creation of a life estate in the income being inconsistent with the devise in fee and, in effect, a restraint upon alienation, is void. 28 R. C. L. 242; *Hutchinson v. Maxwell,* 100 Va. 169, 40 S. E. 655, 57 L. R. A. 384; *Dunlop v. Dunlop's Ex'rs,* 144 Va. 297, 132 S. E. 351; 40 Cyc. 1612; *Davis v. Hutchinson,* 282 Ill. 523, 118 N. E. 721; *Randolph v. Wilkinson,* 294 Ill. 508, 128 N. E. 528; *Kessner v. Phillips,* 189 Mo. 515, 88 S. W. 66; *Succession of Williams,* 132 La. 865, 61 So. 852; *Holt v. Wilson,* 82 Kan. 268, 108 Pac. 87.

If it be conceded that a life estate was created in

the income, such estate would become merged in the fee. 21 C. J. 1033, 10 R. C. L. 666; 5 Thompson on Real Property, §4680.

Accordingly upon the death of the testator, his son, Charles Watkin Wormington became vested with the fee title to an undivided one-fifth of said property and the income therefrom. Upon his death intestate and pursuant to the laws of Colorado, his widow, Adrienne R. Wormington, became entitled to one-half and his three children each to one-sixth thereof.

The contention of plaintiff in error, that the intention of the testator as evidenced by paragraph 4 of his will vitiates the right of defendant in error to an interest in the property, is untenable. In order to give proper construction to paragraphs three and four they must be construed together. Thereby it is evidenced that the testator intended to cover two contingencies, first, the death of his child or children prior to his death leaving no descendants, and, second, the death of his child or children prior to his death leaving descendants. Such construction is proper. 1 Page on Wills (2d Ed.) §826; *Greenwood v. Greenwood,* 63 Colo. 445, 167 Pac. 1179; *Mulcahy v. Johnson,* 80 Colo. 499, 252 Pac. 816; *Belcher v. Phelps,* 109 Conn. 7, 144 Atl. 659; *Walsh v. McCutcheon,* 71 Conn. 283, 41 Atl. 813; *Scanlin v. Peterson,* 105 Conn. 308, 135 Atl. 394.

There is no merit in the contention of plaintiff in error that the will creates a trust or a spendthrift trust. In order to create a trust of any description, the testator must indicate with reasonable definiteness an intention to sever the legal from the equitable estate. 25 R. C. L. p. 356, §7; *Estes v. Estes* (Tex.), 255 S. W. 649; *Kessner v. Phillips,* 189 Mo. 515, 88 S. W. 66; *Gillespie's Estate,* 273 Pa. 227, 116 Atl. 824; *Brock v. Brock,* 168 Ky. 847; 183 S. W. 213; *Spann v. Carson,* 123 S. C. 371, 116 S. E. 427; *McCreery v. Johnston,* 90 W. Va. 80, 110 S. E. 464; *Hahn v. Hutchinson,* 159 Pa. 133, 28 Atl. 167.

In this case, the terms of the will, and not of the lease,

being controlling, and evidencing no intent of the testator to create a trust, none was created.

The judgment of the district court was right and accordingly is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.