No. 18,231.

JOHN H. GATELY *v.* EL PASO COUNTY BAR ASSOCIATION.
(328 P. [2d] 381)

Decided July 28, 1958.

Mr. JOHN H. GATELY, pro se.

Mr. GEORGE M. GIBSON, for defendant in error.

*En Banc.*

600

Mr. Justice Hall delivered the opinion of the Court.

The parties appear here in the same order as they appeared in the trial court. We refer to plaintiff in error as plaintiff or Gately, and to defendant in error as defendant or the Association.

Gately, a practicing attorney at Colorado Springs, brought this action, seeking to obtain a declaratory judgment defining his rights to the use of a law library in the possession and control of the defendant, said defendant having either complete or limited ownership thereof. The facts are not in dispute.

On July 30, 1954, Henry McAllister died leaving a will which, among other things, provided:

"*ARTICLE EIGHTH:* I give and bequeath:

1. Unto THE EL PASO COUNTY BAR ASSOCIATION, a corporation not for profit, of Colorado Springs, Colorado, all books and pamphlets constituting my law library at my office in the Equitable Building, Denver, Colorado, for the purpose of establishing a law library (which it does not now possess) for the use of its members, the courts of El Paso County, Colorado, and others interested therein; it being expected that said Association will provide a suitable and convenient location therefor and proper maintenance thereof; *providing, always, however,* that said Association shall in writing file with my Executor *within ten days after the probate of this Will* its election to accept this bequest or substantially all thereof (it to have the right to exclude from such acceptance such minor and miscellaneous items as it may determine unsuitable or unnecessary for its library, after inspection thereof). Should it make such election within said period, then I give and bequeath to it such book cases or shelving occupied by my library which it may select, and also the sum of $5,000.00 to be utilized by it primarily for the removal of said library, book cases, and shelving to Colorado Springs, repairs thereof, and the equipment of its library there.

I make the above bequest since I lived in Colorado Springs throughout my youth, studied law and was admitted to the bar there, and the formative periods of my personal and professional life were in association with its people and my then fellow members of the bar. It is my hope that this bequest will prove of value in the practice of the law and the administration of justice in El Paso County and the Fourth Judicial District."

The defendant elected "to accept this bequest," obtained suitable quarters in Colorado Springs for housing a law library, and removed the b o o k s thereto. The defendant added numerous volumes to the library and adopted rules and regulations for maintenance and use of said library by its members who, on payment of an annual library fee of $32.00, have access to and use of the library and its facilities.

Gately, a practicing attorney in Colorado Springs, is not a member of the defendant, El Paso County Bar Association, his application for membership therein having been rejected. However, he offered to pay the established library fee and demanded the right to use the library. His demand was refused, whereupon this action was brought. Plaintiff claims that the library was given to the defendant *in trust* for "the use of its members, the courts of El Paso County, Colorado, *and others interested therein*" and that plaintiff comes under the clause "others interested therein" and he is therefore entitled to use said library.

The trial court held that the will did not create a trust and that defendant received the library as an absolute gift, free of all restrictions on the use or disposition thereof. Plaintiff is here by writ of error seeking reversal.

Only one question is presented: namely, does the will provide for an absolute transfer of the library, or is the library actually held in trust for the use and benefit of the three groups of persons mentioned in the will? In resolving this question, it is important to

bear in mind the fact, as shown by the record and well known to the members of this court, that the testator, Mr. McAllister, was a lawyer of wide experience and marked ability and unquestionably well versed in preparation of wills including trust provisions. Nowhere in said will do we find the word "trust." The bequest is absolute, subject only to acceptance by the defendant, as provided in the will:

"* * * *providing, always, however,* that said Association shall in writing file with my Executor within ten days after the probate of this will its election to *accept this bequest* or substantially all thereof."

Had the testator intended to leave the property in trust or to qualify the gift in any manner, it is fair to assume that in providing for acceptance he would have provided for acceptance of the property in trust rather than for acceptance of the *bequest.* He would have provided for acceptance of title subject to all of the terms, limitations and conditions of the trust provision.

Further support for the above construction is found in the following language:

"* * * it being expected that said association will provide a suitable and convenient location therefor and proper maintenance thereof; * * *."

Here are words of the testator expressing what he expected of the defendant upon acceptance of the bequest. These words are precatory in nature and do not make the gift conditional.

■ The nature of the property bequeathed also negatives the idea of a trust. A law library is not something complete, static and finished; rather it is a thing that, to be of value, must be constantly expanded and enlarged to keep it current and useful, as lawyers, including the testator, well know, at great expense for books, shelving and space. It is inconceivable that Mr. McAllister, with his avowed appreciation of the privilege of having spent the youthful and formative years of his personal and professional life in El Paso County, and

with its people and his then fellow members of the bar, ever intended to vest the defendant with a bare legal title to his then library and to saddle it with the burden of keeping said library up to date and to maintain it for the use of the public in general; it is equally inconceivable that he donated this library to the association with the thought in mind that nothing would be done to keep it current and useful, and thus soon become of very limited value as a law library. Clearly he intended to make an outright gift to the defendant. He trusted fellow members of the bar in the community in which he grew up to keep the library current and useful. Testator's words "* * * for the purpose of establishing a law library * * * for the use of its members, the courts of El Paso County, Colorado, and others interested therein; *it being expected that said association will provide* a suitable and convenient location therefor * * *" do not express conditions on or limitations of the title conveyed. These words express his wish, desire, expectation and recommendation, and his hope to establish a foundation upon which to build for the future. These words are not used in an imperative sense; they cannot be construed as the manifestation of an experienced, astute and learned lawyer to create a trust. Rather, the words are words of advice and guidance given in a spirit of helpfulness to less mature members of his profession.

 To establish a testamentary trust, it is necessary that the intention to create a trust must be clear and there must be an explicit declaration of trust. The general rule is stated in 89 C.J.S. 776 §43, as follows:

"The intention to create a trust must be sufficiently expressed, and the declaration of trust must show the intention with reasonable certainty. It must be clear that a trust was intended. It is necessary that there be a definite, unequivocal, explicit declaration of trust, or circumstances which show with reasonable certainty or beyond a reasonable doubt that a trust was intended to be created. * * *. * * *

"The use of formal or technical words, however, is important in determining whether or not a trust was intended, and it is a circumstance to be considered in determining whether a trust was created. The fact that such words are used is evidence of an intention to create a trust, and their absence is significant where it is claimed that a trust was created. * * *. (Page 783).

\* \* \*

"Precatory or recommendatory words will not be sufficient to create a trust where the donor shows an intention to leave the property absolutely. Hence, a precatory trust will not be created where the writing imports a grant of absolute ownership to the donee and there are additional words expressing the donor's wish as to the use or disposition of the property; * * *."

(Page 785).

In construing a lawyer's will, in *Tuckerman v. Currier,* 54 Colo. 25, 129 Pac. 210, we find the following pertinent language, which is applicable in this case, to wit:

"In construing a will it must be presumed that the testator knew the law. — *Nangle v. Mullanny et al.,* 113 Ill. App. 457.

"This presumption is unnecessary in the case at bar. The testator was conceded to have been learned in the law, admitted to have once been a justice of the supreme court of Missouri, and, unless the language in the will indicates to the contrary, we must presume, that he used the word 'executor' advisedly; that had he intended to appoint Johnson and Wheeler personally as trustees, and to devise his property to them *in personam* in trust, he would have used language sufficient to convey that intention. * * *."

By the same token it is clear that had Mr. McAllister intended to bequeath his property in trust to a trustee and to separate the legal and equitable title, he well knew how to accomplish such purpose and would have used words of known and indisputable meaning,

such as "trustee," "in trust," "cestui que trust," "beneficiary," or similar terms. Significantly he used no such words, but instead used words equally well known and of indisputable meaning — "I give and bequeath." These words were used by the testator in eight of the nine articles of the will, which served to dispose of the whole of testator's property. None of these bequests is in trust.

In *Walton v. Wormington,* 89 Colo. 355, 2 P. (2d) 1088, this court said:

"There is no merit in the contention of plaintiff in error that the will creates a trust or a spendthrift trust. In order to create a trust of any description, the testator must indicate with reasonable definiteness an intention to sever the legal from the equitable estate. * * *." (Citing numerous cases.)

The judgment is affirmed.

MR. JUSTICE SUTTON not participating.