18489

B. B. MORGAN, Appellant, v. MERCHANTS AND PLANTERS NATIONAL BANK, GAFFNEY, S. C., as Executor of the Last Will and Testament of Lincey L. Morgan, Respondent.

(147 S. E. (2d) 702)

*Messrs. A. Ray Godshall and Wade S. Weatherford, Jr.,* of Gaffney, *for Plaintiff-Appellant,*

*Roy C. Cobb, Esq.,* of Gaffney, *for Defendant-Respondent,*

April 11, 1966.

LEWIS, Justice.

This action involves the construction of the will of Mrs. Lincey L. Morgan, deceased. The testatrix, after providing for a monthly income from her estate for her husband (the plaintiff), and making certain charitable bequests payable at his death, devised the rest and residue of the estate to the husband and appointed the defendant Merchants and Planters National Bank as executor to carry out the provisions of the will. After the probate of the will, provision was made to secure the payment of the charitable bequests, and the plaintiff subsequently demanded that all of the remaining assets of the estate be turned over to him under the residuary clause. Upon refusal by the executor to do so, plaintiff instituted this action to accomplish such purpose. The lower court denied the relief sought and plaintiff has appealed.

The right of the plaintiff to immediate possession of the remaining assets of his wife's estate depends upon the construction to be placed upon her will, the pertinent portions of which are as follows:

"Item I. I hereby direct my Executor, hereinafter named, to pay all my honest debts, including funeral expenses and expenses of my last illness, as soon as practicable, and to pay any and all taxes that I may owe, and to pay any and all Federal Estate Taxes and South Carolina Inheritance Taxes, and any other State inheritance or estate taxes which may be levied upon, or incurred in connection with my estate and all annuities, bequests, legacies, gifts and devises given by this Will, out of my general estate, to the end that the full amounts named in the several articles of this Will shall be given or paid over to the respective beneficiaries without

deduction being made therefrom, except that the residuary estate may or will be reduced as a result thereof.

"Item II. I give and bequeath unto my beloved husband, B. B. Morgan, all of my household furnishings * * *; and further, I give and bequeath unto my beloved husband, B. B. Morgan, the sum of Six Thousand ($6,000.00) Dollars per annum, payable to him in monthly installments of Five Hundred ($500.00) Dollars each, * * * shall be paid to my husband by my Executor, hereinafter named, for and during the term of his natural life. And this annual income is to be paid to him from income derived from my income producing properties belonging to my estate.

"Item III. (Bequeaths ring to Margaret Baber Love.)

"Item IV. After the above bequests are carried out in full, and only then, I give and bequeath Fifty Thousand ($50,000-.00) Dollars of my estate * * * as follows: (Here are named five charitable and educational institutions between which the $50,000.00 bequest is equally divided.)

"Should my estate be insufficient to pay all of the bequests mentioned in this paragraph or item in full, then the same shall be prorated by my Executor.

"Item V. All the rest and residue of my property of every kind and nature, including all stocks, bonds, choses in action, cash on hand, all mixed property and all real estate that I may die seized and possessed of, is hereby willed, devised and bequeathed unto my beloved husband, B. B. Morgan.

"Item VI. My Executor, hereinafter named, is requested to complete the administration of my estate as soon as practicable, bearing in mind the fact that he cannot make a full distribution to my beneficiaries named herein until after the death of my beloved husband, B. B. Morgan, who is to receive Five Hundred ($500.00) Dollars per month income derived from some of my income producing properties as long as he shall live as set forth in Item II of this Will.

"Item VII. I hereby nominate, constitute and appoint The Merchants and Planters National Bank of Gaffney,

South Carolina, as my Executor to carry out the provisions of this my Last Will and Testament; and I do hereby give to my said Executor full power to collect all debts owing to me, and to receipt for same; to sell and convey any and all of my property, personal and mixed, and real estate, at public or private sale, at such times and upon such terms, and in such manner as my Executor may deem mete and proper; to cancel mortgages, borrow money or lend money, sign proxies, transfer stocks and bonds, execute and deliver to purchasers of any personal or real property good and sufficient bills of sale, fee simple titles, and general warranty deeds; and to execute and deliver to the lender to secure any loan he may obtain in good and sufficient pledges of personal property, chattel mortgages or real estate mortgages."

Mrs. Morgan died on May 29, 1962, leaving the foregoing will which was executed on February 17, 1962, about three months prior to her death. She was 83 years of age and her husband, the plaintiff, is now beyond that age. They had lived together as husband and wife for more than fifty years in Cherokee County. There were no children and Mrs. Morgan's nearest blood relative at the time she executed the will was a grandniece, Helen Stephenson Hobbs. The estate of Mrs. Morgan amounted to $192,707.16.

The will was admitted to probate in common form on July 2, 1962, and the defendant Bank qualified as executor. Thereafter, the grandniece, on behalf of herself and her two minor children, demanded proof of the will in due form of law, alleging her relationship to the testatrix and that she was a beneficiary under a prior will. After a hearing in the probate court for Cherokee County, the validity of the will was upheld. An appeal was then filed by the contestants asking for a *de novo* hearing in the Court of Common Pleas.

Before the matter reached a trial in the Common Pleas Court, the contestants of the will and the beneficiaries thereunder reached an agreement which was subsequently approved by an order of court. This agreement provided for

payment to the contestants of the sum of $22,500.00; that the plaintiff would have the use for his lifetime of the home in which he and his wife had lived, rent free, provided he paid the taxes, insurance, and maintenance thereon (the grandniece owned the Morgan home, having inherited it from her mother to whom Mrs. Morgan had given it by deed prior to her death) ; and that the charitable bequest of Fifty Thousand ($50,000.00) Dollars, set forth in Item IV of the will, would be deposited by the executor in the Piedmont Federal Savings and Loan Association, Gaffney, S. C., payable on the death of the plaintiff to the named beneficiary institutions in the amount of Ten Thousand ($10,000.00) Dollars each, with the interest income from the deposit to be paid by the Building and Loan Association to the executor for application to the monthly payments of $500.00 given to the plaintiff under the will, or directly to the plaintiff in the event the administration of the estate is completed prior to his death. The validity of the agreement or the propriety of its approval by the court is not questioned. See: *Peoples National Bank of Rock Hill, S. C. v. Rogers,* 218 S. C. 11, 61 S. E. (2d) 391.

After the funds were irrevocably set aside for the payment of the charitable bequests, as provided in the foregoing order of the Court, the plaintiff renounced all claim to the income provided for him in Item II of the will and demanded immediate possession of the remaining assets of the estate under the terms of Item V which devised all the rest and residue of the estate to him. His contention is that, upon the setting aside of an amount sufficient to pay the charitable bequests, the only impediment to his right to immediate possession of the remainder of the estate was removed, since both the legal and equitable titles to the estate were devised to him.

The defendant, as executor, in opposing the granting of the relief sought by plaintiff, contends that the testatrix intended to create a spendthrift trust with her husband as beneficiary, and that the executor was entrusted with the

responsibility of preserving her estate so as to provide the husband with a yearly income in the amount of $6,000.00 per year during the remainder of his life. Under this construction, the executor would hold the property as trustee, and the plaintiff would receive a monthly income of $500.00 for life, with only the power of disposition of the remainder of the estate at his death after payment of the charitable bequests.

It is apparent from the will that the testatrix was motivated by two main desires in the disposition of her property—first, to provide for her husband, and second, to contribute to the named charitable and educational institutions. She gave to her husband, in Item II, a monthly income of $500.00 for life from her estate. Following this, the charitable bequest of $50.000.00 was made in Item IV. She then, in Item V, devised the rest and residue of the Estate to the husband. There can be no doubt that these provisions of the will placed the legal and equitable title to the entire estate in the husband, subject only to the payment of the charitable bequests. Since the husband holds the legal title and the beneficial interest in the estate, there can be no trust. As stated in 54 Am. Jur., Trusts, Section 35 : "A fundamental essential of any trust is separation of the legal estate from the equitable estate and the beneficial enjoyment; there can be no trust when both the legal title and the beneficial interest are in the same person." Also : *Albergotti v. Summers*, 203 S. C. 137, 26 S. E. (2d) 395.

The executor contends however that the effect of Item VII is to vest legal title in the defendant and to constitute it trustee of the property for the benefit of the husband. This item appoints the defendant as executor of the will and confers full powers to carry the will into effect. The broad powers conferred, however, are consistent with the performance of the duties of executor. There is expressed in this item no intent to affect the legal title to the remainder of the estate clearly devised to the husband in Item V.

The position that a trust was created is based upon the further contention that the will shows an intent to only give to the husband an income for life from the estate with the right to dispose of the remainder at his death. We do not think that the income provided for the husband in Item II was intended to deprive him of any of the absolute estate granted in Item V, but rather to give him priority during his life of the income from the charitable bequests. In this sense, it is understandable that the testatrix anticipated that these bequests would not be paid until after the husband's death. Pursuant to the provisions of the order of the lower court approving the settlement of the will contest case, sufficient funds have been irrevocably set aside to pay the charitable bequests, with the income therefrom payable to the husband for life. This carries out her intent, both that the charitable bequests be paid at the death of the husband and that he receive the income therefrom for life.

Since an amount sufficient to pay the charitable bequests has been set aside, the plaintiff (husband) now occupies the position of sole beneficiary of the remainder of the estate under two separate provisions of the will. He is given a monthly income from the estate under Item II and title to the rest and residue of the estate under Item V. He is therefore beneficiary of a monthly income and at the same time holds legal title to the remainder of the estate from which such income is payable.

Under the provisions of the present will, no contrary intent appearing, the charge against the estate for the benefit of the husband merged into the absolute estate granted to him in Item V of the will and entitles the husband to immediate possession of the remaining assets. See: *McLarin v. Knox and Cunningham,* 6 S. C. 23; *Walton v. Wormington,* 89 Colo. 355, 2 P. (2d) 1088; 19 Am. Jur., Estates, Section 125 *et seq.;* 31 C. J. S., Estates, § 123 *et seq.*

Reversed and remanded for further proceedings in accordance herewith.

Moss, Acting C. J., Bussey and Brailsford, JJ., and Legge, Acting J., concur.