33 P.3d 1235 (2001)
In re the ESTATE OF Mollie S. PERRY, Deceased.
Cheryl Schultz, Will Proponent-Appellant,
v.
Rachel Hoffman, Lydia Martindale, Dave Schultz, Samuel Schultz, and Edward Schultz, Contestants-Appellees.
No. 00CA0651.
Colorado Court of Appeals, Div. IV.
May 10, 2001.
*1236 Jack Kintzele, Denver, CO, for Will Proponent-Appellant.
DiGiacomo & Jaggers, LLP, David R. DiGiacomo, Douglas J. Perko, Arvada, CO, for Contestants-Appellees.
Opinion by JUDGE DAVIDSON.
In this probate proceeding, will proponent, Cheryl Schultz, seeks review of an order of the probate court determining that decedent, Mollie S. Perry, effectively revoked her last will and testament and denying a petition for probate of that instrument. We affirm.
The original will, executed on May 12, 1997, was missing at the time of the decedent's death. At a hearing to determine whether the will should be admitted to probate, a photocopy of the will was introduced into evidence through testimony by the decedent's attorney. The attorney testified that he had given the decedent the original will and told her to put it in a safe place.
At the hearing, proponent testified that the decedent had put the will in her desk drawer at home. Proponent also testified that the decedent, who was "feeling real good" one day, cleaned out all the papers in her desk drawer. According to proponent, the decedent appeared to be of sound mind and body at that time and knew what she was throwing away.
The court concluded that the lost will had in fact been revoked by the decedent and declined to admit the will to probate. Proponent now appeals.

I.
Proponent first argues that the revocation issue was not properly before the court. We disagree.
The Probate Code, § 15-12-402, C.R.S. 2000, provides, in pertinent part:
(2) If the original will is neither in the possession of the court nor accompanies the petition, the petition also must state the contents of the will and indicate that it is lost, destroyed, or otherwise unavailable.
(3) If a will has been lost or destroyed . . . and the fact of the execution thereof is established, . . . and the contents thereof are likewise established to the satisfaction of the court, and the court is satisfied that the will has not been revoked by the testator, the court may admit the same to probate and record, as in other cases.
Thus, in the case of a missing or lost will, a court must be satisfied that a will has not been revoked by the testator before admitting the will to probate. Therefore, the court properly considered the issue here.
Further, contrary to proponent's argument that the probate court did not afford her notice or an opportunity to be heard, proponent was given adequate notice by the provisions of § 15-12-402(3) that she would be required to establish that the will had not been revoked. Furthermore, proponent received a hearing on her petition.

II.
Proponent argues that the trial court erred in finding that the missing will had been in the possession of the decedent and that the decedent had knowingly revoked the will by destroying it. We disagree.
Although generally the contestant of a will has the burden of establishing its revocation, see § 15-12-407, C.R.S.2000, at common law, when a will last seen in possession of the decedent cannot be found following the decedent's death, there is a rebuttable presumption that the decedent destroyed the will with intent to revoke it. See Eder v. Methodist Episcopal Church Ass'n, 94 Colo. 173, 29 P.2d 631 (1934); In re Estate of Enz, 33 Colo.App. 24, 515 P.2d 1133 (1973).
Contrary to proponent's argument, because neither § 15-12-407 nor § 15-12-402 addresses the burden of proof when a will is lost or destroyed, this presumption continues to apply. See § 15-10-103, C.R.S.2000 ("Unless displaced by the particular provisions of this code, the principles of law and equity supplement its provisions."). See also Lunsford v. Western States Life Insurance, 908 P.2d 79 (Colo.1995) (because Colorado's *1237 "slayer statute" was inapplicable, § 15-10-103 required reliance on principles of common law).
We will reverse a trial court's findings of fact only if they are clearly erroneous, meaning that they are unsupported by substantial evidence in the record considered as a whole. See C.R.C.P. 52; Page v. Clark, 197 Colo. 306, 592 P.2d 792 (1979).

A.
Proponent first argues that the trial court found facts for which there was no substantial basis. In particular, proponent argues there was no evidence that decedent's attorney "gave the Will to [decedent] after she signed it" and "returned the original to [decedent]" or that "[decedent's] Will was last seen in [decedent's] possession."
However, although some of the evidence was conflicting, decedent's attorney testified that he had sent the will to decedent, that he did not have the original in his office, and that he was not in the habit of keeping original wills. Moreover, the proponent testified that, to the best of her knowledge, the original will had been among decedent's papers, in her desk drawer.
Proponent also contests the court's finding that "it is reasonable to assume that a testatrix knows . . . that a will may be revoked by destruction." However, this is a legal premise based on statute and case law, rather than a factual finding by the court. See § 15-11-507(1)(b), C.R.S.2000; Gately v. El Paso County Bar Ass'n, 137 Colo. 599, 328 P.2d 381 (1958).

B.
Proponent also argues that the court improperly inferred from circumstantial evidence that the will had been revoked. We disagree.
As with findings of fact, we defer to a trial court's reasonable inferences drawn from such facts. See Associates of San Lazaro v. San Lazaro Park Properties, 864 P.2d 111 (Colo.1993). Here, the facts upon which the court based its inference are adequately supported by the record, and the court's inference from those facts is similarly sound.

III.
Proponent argues that the Colorado Rules of Evidence require that the will be admitted to probate. Proponent points out that under CRE 1003 a duplicate is admissible to the same extent as an original, and under CRE 1004 other evidence of the contents of a writing may be admitted if the original is not required.
To the contrary, however, CRE 1003 and 1004, as evidentiary rules, simply permit the admission into evidence of duplicates in lieu of originals. CRE 1003 and 1004 do not provide the standards that control the admission of a will to probate. As discussed, when an original will is lost or destroyed, those standards are set forth in § 15-12-402(3).

IV.
Proponent raises additional arguments in her reply brief that were not raised in her opening brief. Because these issues were raised for the first time in her reply brief, they are not properly before us, and we will not address them. See People v. Czemerynski, 786 P.2d 1100 (Colo.1990).
The order is affirmed.
RULAND and KAPELKE, JJ., concur.