No. 13,586.

VIGIL v. PACHECO.

(36 P. [2d] 766)

Decided October 1, 1934.

Mr. ROMILLY FOOT, for plaintiff in error.

Mr. ANGELO F. MOSCO, Mr. JOHN L. EAST, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter designated as there.

This was a suit to cancel a promissory note. Defendant counterclaimed and sued out a writ of attachment. A general demurrer to the cross-complaint was filed and ruling thereon reserved. On a trial to the court plaintiff had judgment. To review that judgment defendant prosecutes this writ and asks that it be made a supersedeas. The assignments go to every finding of the court as contrary to the law and not supported by the evidence, and further present the question of the court's failure to specifically rule on the attachment.

Plaintiff is well advanced in years, speaks only the Spanish language and cannot read that. He alleges that while seriously afflicted and anticipating death he was

fraudulently induced by his son, Onecimo, to execute and deliver to him the note in question for $2,000 and that defendant acquired said note after maturity and without consideration. Defendant admits that he acquired the note after maturity, but denies the other allegations. He further alleges that he holds the note as collateral to another note executed and delivered to him by Onecimo.

The court found that the $2,000 note was given by plaintiff to Onecimo to be used by the latter after plaintiff's death for the purpose of forcing a settlement from the other heirs; that defendant took the note after maturity subject to defenses and was entitled to nothing under his cross-complaint, which by decree was dismissed. It was further ordered that each party pay his own costs. No cross-error is assigned.

The evidence is ample to support the conclusions that plaintiff had agreed to bequeath to his son "a small tract or piece of land"; that the son was not on good terms with his brothers and sisters and trouble with them over property rights was anticipated on plaintiff's death; wherefore the son induced his father to execute the note in question for use against the other heirs to coerce a favorable settlement; that in some way this note came into the hands of defendant who, some two years thereafter, took Onecimo's note for approximately $1,600 to reimburse him for debts of the latter which he had been obliged to pay; and that from the date of the execution of the last mentioned note defendent held, or claimed to hold, the $2,000 note as collateral. While the family feud growing out of these transactions was brewing, and negotiations were being attempted, plaintiff deeded his real estate to his other children. To enforce his counterclaim defendant sued out the attachment in question and caused a levy to be made on said real estate, alleging in his affidavit that plaintiff had fraudulently disposed of his property to defeat his creditors, particularly defendant.

The record discloses no good reason for disturb-

ing the judgment. On questions of disputed fact and conflicting evidence we are bound by the findings of the trial court.

Whatever rights Onecimo might have in the estate of his father on the latter's death he could enforce without the note in question. If he had none he was not entitled to use such an instrument as a bludgeon to force a settlement. Hence as between father and son the note was invalid from the date of its execution.

By defendant's admissions he had no cause of cross-complaint. If the $2,000 note was good as collateral he was entitled to judgment thereon, under the complaint and answer, to the extent of his claim. If it was not good he had no claim whatever against the plaintiff.

Defendant has no grounds of objection to the court's failure to specifically find on the attachment since the error, if any there was, was in his favor. The only possible judgment the court could have entered on the attachment must have been against defendant. If he had no valid claim against plaintiff he had no concern with plaintiff's disposition of his property, and the motive for that disposition was immaterial.

The credibility of the witnesses, the weight of the evidence and the inferences properly deducible therefrom are for the court. *Gwynn v. Butler,* 17 Colo. 114, 28 Pac. 466.

The record must be viewed in the light most favorable to the successful party. *Carper v. Frost Oil Co.,* 72 Colo. 345, 211 Pac. 370; *Roberts v. Dietz,* 88 Colo. 594, 298 Pac. 1062.

The holder after maturity takes subject to defenses, including illegality and want of consideration. 8 C. J. p. 479, §697; Id. p. 747, §1019.

Judgment against the attaching creditor releases the property, restores proceeds, if any, and dissolves the writ. Section 121 Code of Civil Procedure, p. 125, C. L. 1921.

The judgment is affirmed.

Mr. Justice Butler, sitting for Mr. Chief Justice Adams, and Mr. Justice Holland concur.