No. 18,761.

FRANKLIN W. BAUMGARTNER *v.* JOHN B. TWEEDY, ET AL.
(354 P. [2d] 586)

Decided August 8, 1960.

Mr. RAYMOND J. GENGLER, Mr. JOHN H. SCHULTZ, for plaintiff in error.

Mr. CHARLES R. ENOS, Mr. C. CHARLES BUCHLER, Mrs. BERNICE M. BUCHLER, Mr. JOHN M. DIESCH, for defendants in error.

*In Department.*

PER CURIAM.

PLAINTIFF in error Baumgartner was one of several defendants in the trial court and will be referred to as Baumgartner or defendant.

The action was brought by the law firm of Tweedy and Fowler of Denver seeking to collect for legal services alleged to be due and owing to them from the Minerals Exploration Research Company, a partnership. All of the partners, including Baumgartner, were made defendants and served with process, as was the Minerals Exploration Research Corporation, a corporation, as successor to the partnership. All of the defendants, except Baumgartner, defaulted. Baumgartner filed an answer contesting his liability.

Defendant by answer denied that he was jointly and severally liable with the other defendants; admitted that he has paid the law firm nothing for services alleged to have been furnished him; alleged that no services were furnished by the said law firm; that he was a limited and not a general partner in the said Minerals Exploration Research Company, and that he had paid into the partnership the sum of $15,000.00, and thereby discharged all of his obligations as a limited partner; that he had been advised by the plaintiffs that the company was a limited partnership, and if it was not, plaintiffs were estopped to deny that defendant was a limited partner.

The trial court found the issues generally in favor of plaintiffs and against defendants; that the partnership

was a general and not a limited partnership and ordered judgment entered against the partnership and the individual partners in the sum of $5,776.90, and against the corporation in the sum of $239.41, with interest at six per cent per annum from January 8, 1955. Motion for a new trial was dispensed with and defendant Baumgartner is here by writ of error seeking reversal.

In support of his claim for reversal Baumgartner asserts the following: (1) That the evidence is insufficient to support the findings and judgment against him; (2) that the trial court erred in holding that plaintiffs were not estopped to proceed against him. Several variations of the foregoing alleged errors appear, but they stand or fall for the same reasons as those to be discussed.

It is apparent that both of the points urged for reversal depend upon the sufficiency of the evidence. We have examined the testimony and the exhibits and conclude that the record supports a finding that the plaintiffs represented the Minerals Exploration Research Company partnership from its inception until the corporation was formed and after; that the testimony as to the services rendered and the reasonableness of the charges made was ample to support the findings.

The evidence pertaining to the nature of the partnership and Baumgartner's knowledge thereof, indicates that there was discussion concerning limited partnership in the partnership's formative period, notwithstanding which the partners thereafter entered into a general partnership. The document (Exhibit 1) designated "Articles of Partnership" was signed by all of the partners. There was also testimony, not denied, that the instrument was drawn by Baumgartner's personal attorney. No certificate of a limited partnership, pursuant to C.R.S. '53, 104-2-2, if ever executed, was offered or produced.

Estoppel only arises where one, relying upon another's conduct, detrimentally alters his position. *Thomas v. First National Bank*, 97 Colo. 474, 51 Pac. (2d)

589. The evidence was ample to justify the trial court's findings that no estoppel was shown.

█ The record on error must be viewed in the light most favorable to the judgment, the presumption being that the determination of the trial court is correct. *Vigil v. Pacheco,* 95 Colo. 405, 36 P. (2d) 766; *Sutton v. Ahart,* 80 Colo. 420, 252 Pac. 346.

█ The credibility of the witnesses, the sufficiency, probative effect and weight of the evidence, the inferences and conclusions to be drawn therefrom are within the province of the trial court and will not be disturbed on review unless manifestly erroneous, or actuated by passion or prejudice. *Denver National Bank v. McLagan,* 133 Colo. 487, 298 P. (2d) 386.

The judgment is affirmed.

MR. JUSTICE MOORE, MR. JUSTICE KNAUSS and MR. JUSTICE DOYLE concur.