Mr. Justice Kelley
delivered the opinion of the Court.
' Floyd A. Standley, plaintiff below and defendant in error here, sued John Seib, individually and d/b/a Shipper’s Motor Express, defendant below and plaintiff in error, for unpaid wages for the year 1960. The parties will be referred to as they appeared below, or by name.
The evidence discloses, and the parties agree, that Standley was hired as terminal manager for Shipper’s Motor Express at a salary of $650 per month. The $650 was paid for January, February and the first half of March 1960. The payments thereafter were of less than $650 per month and, at the end of the year, instead of having received $7800 Standley received $5677.06. His claim was for the difference of $2122.94.
Seib alleged that on or about April 1, 1960, because of the state of his business, he advised Standley that he would no longer be able to pay him $650 a month and that he should look elsewhere for employment; that Standley wanted to remain in the employment of the defendant and agreed to accept, in lieu of salary, a commission of two per cent of the defendant’s gross revenue; that on the basis of the commission, Standley was entitled to less than the amount he actually received. The defendant filed a counterclaim for the amount paid to Standley in excess of two per cent.
Standley acknowledged that he was aware that the *396 defendant was having financial problems, but denied the two per cent commission ’ agreement. He acknowledged that a new agreement was made, but claimed that it was made at the end of 1960 instead of April 1, 1960, and that the agreement was to cover the period beginning January 1, 1961, and provided for a reduction from $650 a month to $500 a month. Actually, defendant in error was paid at the rate of $500 per month for the two and one-half months he worked in 1961.
The court found.for the plaintiff and awarded judgment on the basis of an agreed salary of $650 per month for the year 1960. Seib’s assignments of error are:
1. The court failed to take into consideration the records of John Seib, d/b/a Shipper’s Motor Express, kept in the regular course of business.
2. The court failed to give consideration to the testimony of John Seib that defendant in error Floyd A. Standley agreed to perform service for said plaintiff in error John Seib for a two per cent commission of the gross receipts of said company.
The. record referred to in assignment of error No. 1 was designated Exhibit 8, which was a letterhead of Shipper’s Motor Express containing, in someone’s handwriting, the following data: (1) “Total Revenue from March 1960 to March 15, 1961,- $126,718.12”; (2) “2 percent commission • $2,534.36”; ■ (3) “Total advances Floyd. Standley drew $5,493.96”; (4) “Balance .due Shippers Motor Express or John Seib $2,959.60.”
The books of original entry from which the information in Exhibit 8 purportedly came were not in the court room, nor was the person who kept the books and presumably prepared the exhibit available for cross-examination when Exhibit 8 was- offered in evidence. The plaintiff objected to the admission of the exhibit. The court sustained his objection- and excluded the exhibit.
The exhibit obviously was not a record of original entry kept in the usual course of defendant’s business; *397 but was just a summary of information apparently taken from books of original entry. Under the state of the record it is clear that the defendant failed to lay the necessary foundation to bring the admission of the evidence within au exception to. .the hearsay rule. .
The defendant further argues that the exhibit “showed the agreement to pay Standley two percent of gross revenue.” We disagree. At most it shows what would be due defendant if the trial court had found in fact that the parties had agreed to the two per cent of gross revenue arrangement. However, since the court found against the defendant as to the alleged agreement, the computations in Exhibit 8 were immaterial so far as the trial court was concerned.
The second assignment of error is that the court failed to give consideration, to the testimony of John Seib in the particular heretofore noted. It is true, the trial judge, in his discretion, believed the testimony of Standley in reference to the salary agreement. What consideration the court elected to give to the testimony of Seib was within its discretion as the finder of the fact.
The district court is the trier of the facts. Consequently, if the facts, as found by the trial court, are supported by competent evidence, this court will not disturb the findings on review. Byrne v. Stone & Birkle, Inc., 156 Colo. 445, 399 P.2d 940; Baumgartner v. Tweedy, 143 Colo. 556, 354 P.2d 586. We have examined the record and find that there was substantial competent evidence upon which the trial court could base its findings of fact.
The judgment is affirmed.