**Jacquelene GOEMMER, Plaintiff–Appellee,**

v.

**Roger L. HARTMAN, Judith A. Hartman, Gregory L. Hartman and Lynnette S. Hartman, Defendants–Appellants.**

**No. 89CA0434.**

Colorado Court of Appeals, Div. I.

April 12, 1990.

Wolf & Slatkin, P.C., Robert H. Winter, Denver, for plaintiff-appellee.

Waldbaum, Corn, Koff and Berger, P.C., Michael H. Berger, Denver, for defendants-appellants.

Opinion by Judge PLANK.

The defendants, Roger and Judith Hartman and their children Gregory and Lynnette, appeal the judgment in favor of the plaintiff, Jacquelene Goemmer, as personal representative of the estate of her father. (decedent). We affirm.

Plaintiff initiated this action against the defendants seeking to recover monies deposited in a savings and loan account by the decedent. The defendant Roger Hartman also contributed sums into this account. From the time the account was opened until decedent's death, he withdrew money, made loans, and deposited additional funds into this account. At decedent's death, the account exceeded $300,000, of which approximately $120,000 was contributed by the decedent.

In 1982, all the funds in this account were transferred to a new account. The new account was titled "Discretionary Revocable Trust Co–Trustees For Two or More Beneficiaries." Defendants Roger and Judith Hartman were designated as co-trustees for their son and daughter. The defendants and decedent were not related by blood or marriage.

The decedent and the defendants signed a separate power of attorney form furnished by the savings institution which authorized the decedent to deposit and with-

draw funds from this new account without restriction. Until decedent's death, Roger Hartman regularly prepared statements proportionally designating the interest income of the account as being income of each depositor for tax purposes. The record does not indicate that any trust income tax forms were filed for the account.

After discovering the existence of this account, plaintiff commenced this action to recover the money contributed by the decedent. The trial court found that this account did not satisfy the requirements of a joint account, a valid inter-vivos gift, and found that a testamentary trust was not created. Thus, it ruled the plaintiff was entitled to the monies contributed by decedent into the account.

## I.

■ Defendants initially contend that the decedent's contribution to the account resulted in a joint account. We disagree.

Defendants assert that the decedent's non-probate transfer is exempt from the requirements of the Statute of Wills as it is a multi-party bank account pursuant to § 15–15–101, et seq., C.R.S. (1987 Repl.Vol. 6B). They contend that, under § 15–15–101(7), C.R.S. (1987 Repl.Vol. 6B), the decedent is a "party" to the "joint account" by the terms of § 15–15–104, C.R.S. (1987 Repl.Vol. 6B). Section § 15–15–104 provides, *inter alia*, that: "[S]ums remaining on deposit at the death of a 'party' to a joint account belong to the surviving party or parties, as against the estate of the decedent, unless there is clear and convincing evidence of a different intention at the time the account is created." Relying upon this language, defendants argue that the decedent's death entitled them to rights of survivorship over the account funds.

The plaintiff contends that the decedent was not a "party" to a joint account under the provisions of § 15–15–101(7). The definition set forth in this statutory section states that a "party" is a person who, "by

the terms of the account," has a present right to payment from the account. Here, the account card lists the defendants as parties, but it does not name the decedent as a "party." Accordingly, the account card does not create a joint account between the decedent and defendants.

■ The defendants additionally rely on the power of attorney signed by the decedent and the defendants. We conclude, however, that the execution of the power of attorney rendered the decedent as defendants' agent rather than a party to a joint account.

Thus, the trial court was correct in finding that the survivorship provisions of the multi-party account statute, § 15–15–104, are not applicable in this instance.

## II.

■ The defendants next assert that the account constituted a valid revocable inter-vivos trust. We disagree.

The defendants contend that the decedent directed the savings and loan institution to establish a trust account from the pre-existing account for the benefit of the children-defendants. The plaintiff responds that the purported "trust" fails by its own terms.

Here, the written document purporting to be a trust instrument is the account card executed in 1982 which established defendants Roger and Judith Hartman as "co-trustees" for their children.

A term of the account card provided in part:

"The conditions of said trust are: (5) As each beneficiary reaches the age of *one* years, the trust shall terminate at that time but only as to such beneficiary, and his pro rata share shall then belong and be distributed by the trustee to such beneficiary."

In September 1982, when the account card was originated, the Hartman children were approximately thirteen and eleven

years old. Thus, they were both over the age of one prior to the purported trust's inception.

The savings institution officer handling this account testified that the decedent specified the terms to be inserted in the trust account. He further testified that the decedent was a meticulous individual. Additionally, the decedent reviewed the account card after the officer typed in the blanks as specified by the decedent and took the card with him returning it later without any change. Under this state of the record, it cannot be conclusively determined if decedent deliberately inserted the word "one" realizing that a trust would not be created or if a mistake occurred at the time it was created.

By its judgment, the trial court necessarily found that the decedent did not have the requisite intent to create a valid inter-vivos testamentary trust. There is evidence to support this determination.

 Clear, explicit, definite, unequivocal, and unambiguous language, or conduct is required to establish an express or voluntary trust. *Morgan v. Wright*, 156 Colo. 411, 399 P.2d 788 (1965). Because the defendants failed to meet these requirements, we conclude that they did not establish that a valid inter-vivos testamentary trust was created.

### III.

▮ The defendants next contend that the account was an inter-vivos gift from the decedent to the defendants. We disagree.

▮ The essential requirements of a gift inter-vivos are a clear and unmistakable intention to make a gift, and a complete parting of possession and surrender by the donor of all control and dominion over the same to the donee. *See Falbo v. U.S. National Bank*, 116 Colo. 508, 181 P.2d 1020 (1947).

Here, the trial court found that the decedent maintained a right to withdraw the money, and he exercised that right and used the withdrawn funds for his own purposes. Thus, it concluded that the decedent did not relinquish present and future dominion over the account. The trial court's findings are supported by the record, thus, will not be disturbed on appeal. *People in Interest of M.S.H.*, 656 P.2d 1294 (Colo.1983).

In view of the foregoing, we deem the other allegations of error are without merit.

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.