[No. 6197.]

## ALLEN v. SHIRES.

1. **Evidence—Order of Proof**—The plaintiff in ejectment is not to anticipate the defense, and put in evidence assailing the conveyances under which the defendant is supposed to claim. —(435)

2. ——**Repetition**—The court may exclude evidence which is merely in repetition of that already received, and so will unnecessarily encumber the record.—(435)

3. ——**Party Calling Disqualified Witness—Effect**—One who calls a disqualified witness, even for cross-examination under the statute (Laws 1899, ch. 95; Rev. Stats., sec. 7284) waives the disqualification and makes him a witness for all purposes.—(436)

4. ——**Declarations of Deceased Person Against Interest—** In ejectment, the conveyance of a deceased ·person being in question, declarations of the decedent in her lifetime were held admissible to sustain the conveyance.—(438)

5. **Witness — Interest —** Defendant in ejectment claimed under a conveyance from the wife of plaintiff, the validity of which was contested. The father of defendant claiming other lands, under a different conveyance contested upon the same grounds asserted in the present action, was held competent. —(437)

6. **Homestead—What Constitutes**—The mere purchase of a residence with intention to make it a home, but without any actual occupancy afterwards, does not constitute the premises a homestead, within the meaning of the exemption law.—(435, 436)

7. **Instructions** are properly refused when bad in part, or given in another form, or when directed to a proposition upon which there is no evidence.—(438)

*Appeal from Boulder District Court —* Hon. CHRISTIAN A. BENNETT, Judge.

Mr. J. T. ATWOOD, for appellant.

Messrs. YOUNG & LUETHI, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The subject-matter of this action is a five-acre tract of land in Boulder county, to which plaintiff

(28)

claims title by descent and defendant by purchase. The complaint is in the ordinary form, under the code, for an action to recover possession of real property. It alleges in substance that plaintiff is the husband and sole heir at law of Etta Shires Allen, deceased, and the administrator of her estate; that she died seized in fee and in possession of the property in dispute, and that, under our statute of descents, title thereto devolved upon him at her death; that defendant unlawfully entered into, and wrongfully withholds, possession from him. The answer admits the relation of plaintiff to Mrs. Allen, as alleged in the complaint, and denies all other allegations. In a separate defense it is set up that defendant is the owner and in possession of the premises through a warranty deed from Mrs. Allen, which was executed and delivered to him more than a year before her death. This defense is traversed in the replication and the denial is followed by allegations that if such deed was executed and delivered, it was without consideration, procured as the result of an unlawful conspiracy between Mrs. Allen, the defendant, and other persons, was the result of undue influence exercised upon her, and in fraud of plaintiff's marital rights. The validity of this deed presents the only controverted issue. The jury returned a verdict for defendant. and plaintiff has appealed.

Most of the thirty-two assignments of error are directed to rulings of the court upon evidence. Except those hereinafter separately discussed, they pertain to questions propounded by plaintiff's counsel, in making out his case in chief, which sought to elicit evidence bearing upon the issues of undue influence, conspiracy, fraud, and lack of consideration for this deed, which issues are made by the replication. The court sustained objections to them

upon the ground that they were not proper at that
time, saying, if such evidence was admissible at all
under the pleadings it was in rebuttal, in the due
and orderly course of trial.   This ruling was right.
It was not proper for plaintiff in making out his
case under his complaint to anticipate the defense,
or to produce evidence of this character, until after
the court had admitted in evidence the defendant's
deed, which the proposed evidence was intended to
discredit.   Plaintiff did not avail himself of the
court's suggestion to offer this evidence in rebuttal.
In the exercise of a wise discretion, the court may
prescribe the order of proof.   Besides, if the court
had allowed answers to some of the questions pro-
pounded, evidence clearly immaterial to any issue
would have been received.   Other questions asked
were repetitions, to which answers had already been
given.   The court wisely prevented encumbering of
the record.

Some objections to the evidence, however, are
substantial in character and require separate con-
sideration.   There was evidence tending to show
that the property in dispute was purchased by Mrs.
Allen for a home, and after she and her husband
erected a house thereupon it was their intention to
occupy it as a permanent residence.   In her deed to
defendant, which was introduced in evidence, the
plaintiff, her husband, did not join, and plaintiff
says that it was improperly received because of such
non-joinder on his part.   Neither the husband nor
wife was living on, or occupying, the premises at
the time this deed was executed and delivered.   The
premises in controversy did not, because of the lack
of this essential element, constitute a "homestead,"
whatever be the meaning of that word as used in
our statute.   The right to a homestead does not con-
sist in purchasing property for a homestead, but in

actually occupying it as such. It was therefore immaterial, if, as matter of fact, the intention of the Allens was to make their home on this land, for they did not actually occupy it, and neither was residing thereon at the time the deed was made.

Plaintiff in making out his case in chief called to the witness stand the defendant to be examined as if under cross-examination, which he is permitted to do under sec. 7284, Rev. Stats. 1908. By this section the party called for such examination shall not be concluded thereby, but may rebut it by counter-testimony. The cross-examination to which plaintiff subjected defendant covered a very wide range, and bore on all the material issues raised by the pleadings and even passed beyond them. In making out his defense defendant himself was called to the stand by his counsel and plaintiff objected to his giving any testimony in his own behalf upon the ground that plaintiff was suing in his capacity as heir at law of a deceased person, and under sec. 7267, Rev. Stats. 1908, when the action is by an heir, the adverse party or person directly interested in the event thereof shall not be allowed to testify of his own motion or in his own behalf unless when called as a witness by such adverse party. It has been held by this court, *Warren v. Adams,* 19 Colo. 315; *Jerome v. Bohm,* 21 Colo. 322, that when, in such an action, a disqualified witness is called by the adverse party and examined by him as a witness upon certain matters pertinent to some of the issues in the case, such witness is thereby rendered competent for all purposes. Plaintiff, however, says in that case the witness was not called for cross-examination under our statute, but was called by the adverse party as his own witness generally. The purpose for which he is called makes no difference in the application of the principle. This has

been ruled in *Young v. Montgomery,* 67 N. E. (Ind.) 684, and *Currie v. Michie,* 101 N. W. (Wis.) 370. In the Wisconsin case the witness was called under the provisions of a statute giving the adverse party the right to call his adversary as if under cross-examination, which statute is substantially in the same language as our own.

Defendant also called as a witness his father, and objection was made by the plaintiff to his testimony upon the ground that he was interested in the result of the suit.    It appears that the father claimed other premises by deed from his daughter, whose validity, in another action between plaintiff and the father, was attacked upon substantially the same grounds as those on which in the pending action defendant's deed is said to be void.   The interest which the father had, and which it is claimed disqualified him as a witness in his son's behalf, is not such interest as is contemplated by the statute.   The father was not directly interested in the event of this action, although he was in the question to be decided.   The true test of the interest, however, as said by Mr. Greenleaf, 1 Green. Ev. (15 ed.), secs. 389, 390, is whether he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action; and it must be a present, certain, and vested interest.   This was expressly held in *Smith v. Smith,* 22 Colo. 480, 489.   In that case the same fraudulent conduct was alleged against two or more persons, who claimed under deeds from the same grantor.   Separate actions were brought against the grantees and they were consolidated for trial, and the court held that the consolidation was improper because it prevented each defendant from getting the benefit of the evidence of the other in his own action.

Plaintiff also objected to the testimony of the defendant's witnesses Bretnall to declarations made by deceased, Mrs. Allen, in her lifetime, and after the date of her deed to defendant, that she had given such deed and that defendant was the owner of the premises. These declarations were against her interest and as such were admissible.

The assignments of error directed to the instructions are not well taken. Those given by the court follow closely our decision in *Smith v. Smith, supra,* s. c. 24 Colo. 528, and *Phillips v. Phillips,* 30 Colo. 516. Those tendered by plaintiff and refused by the court, so far as they state correct legal and pertinent propositions, are included in those given by the court of its own motion. Some of those refused were good in part and bad in part, and the court properly refused them in their entirety, because it was not required to separate the good from the bad. Some of the instructions tendered might be good under another state of facts, but were not based upon the evidence in this case, particularly those which relate to alleged undue influence, non-delivery of deed to the defendant until after the grantor's death, and control over the property by the grantor after she executed the deed. There was no evidence at all tending to establish these issues, and the instructions requested by plaintiff upon these legal propositions were for that reason properly refused.

We cannot interfere with the judgment on the ground of the alleged insufficiency of the evidence. It is true, as plaintiff says, that in a case of this kind it is a difficult task to prove such charges of fraud and undue influence. But courts must decide cases upon the evidence which is produced before them, not on suspicions, or what counsel believes to be facts which he cannot assemble. The jury were correctly advised as to the law applicable to the issues,

and their findings on the evidence in favor of defendant were, upon the motion for new trial, approved by the trial court, and are based upon sufficient legal evidence. We cannot, under the well established rule, set them aside.

Perceiving no prejudicial error in the record, the judgment must be affirmed.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.