### No. 9248.

### Popejoy v. Bahr.

Evidence—*Witness—Interest.* The test of the competency of a witness, where the question is one of interest, is, whether he will gain or lose by the direct legal operation of the judgment. One not a party to an action of replevin by an administrator is not disqualified, under Rev. Stat., Sec. 7267, as a witness for the defendant, by reason of the fact that he is the owner of some of the chattel.

*Error to Alamosa District Court, Hon. Jesse C. Wiley, Judge.*

Mr. JAMES P. VEERKAMP, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendant in error.

Opinion by Mr. Justice Allen:

THIS is an action in replevin brought by the administrator of the estate of Edward L. Popejoy, deceased, against Eli C. Popejoy to recover the possession of certain domestic animals, farming implements, and other personal property alleged to be detained by the defendant.

The complaint alleges that the property in question was held and owned by Edward L. Popejoy, deceased, at and prior to the time of his death. The plaintiff claims the right to the possession of the property, in his capacity as administrator of the estate of the deceased.

In his answer the defendant, Eli C. Popejoy, alleges that, as to most of the property, the same at the time of the death of Edward L. Popejoy was owned by a partnership composed of Edward L. Popejoy and the defendant, Eli C. Popejoy. The defendant claims the right to the possession of such property as the sole surviving member of the partnership. As to certain other property described in the complaint, including eleven head of hogs, the answer alleges that the same is the property of one H. L. Popejoy, that it was in the possession of the partnership at the time of the death of Edward L. Popejoy, and that the "defendant is entitled to the possession thereof by the consent of the said H. L. Popejoy."

The plaintiff filed a replication in the form of a general denial of the new matter set up in the answer. Upon trial before a jury the issues were found in favor of the plaintiff administrator, and against the defendant, and thereafter judgment was entered in accordance with the verdict. The defendant brings error and for a reversal of the judgment relies principally upon the trial court's exclusion of certain testimony.

The pleadings and the evidence show that Edward L. Popejoy died on or about November 15, 1916. At the trial of this case the defendant offered to show by the witness

H. L. Popejoy that on November 3, 1916, the latter heard a conversation between Edward L. Popejoy and his father, the defendant Eli C. Popejoy, in which the deceased, Edward L. Popejoy, stated to the defendant:

"Dad, I am going to be operated on, and if I should die, I want you to take charge of all this property as we are partners in this property; and you have as much interest in the property as I have."

This evidence was excluded, and the propriety of its exclusion presents the main questions for our consideration. It is conceded that the property referred to in the alleged conversation is the property involved in this controversy.

The theory of the trial court in excluding the evidence appears to have been that because the defendant's answer alleged that a part of the property, including eleven head of hogs, belonged to the witness, H. L. Popejoy, such witness was directly interested in the event of the action and therefore incompetent to testify under section 7269 R. S. 1908, sec. 8065 Mills Ann. Sts. 1912, which, so far as material here, reads as follows:

"That no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as  *  *  * the executor or administrator  *  *  * of any deceased person.  *  *  *."

The trial court in its ruling appears to assume, and we may do likewise without affecting the result, that the witness H. L. Popejoy claims to be the owner of the eleven head of hogs hereinbefore mentioned. It is assumed in the argument on both sides that the witness is interested in a part of the property involved in this action. On the one hand it is claimed that such interest disqualifies him under the statute, and on the other hand the contrary is contended.

In *Allen v. Shires*, 47 Colo. 433, 437, 107 Pac. 1070, this court, in considering the interest which disqualifies a witness under the statute, said:

"The true test of the interest, however, as said by Mr. Greenleaf, 1 Green. Ev. (15 ed.), secs. 389, 390, is whether he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action; and it must be a present, certain, and vested interest."

Applying the foregoing test to the facts in the instant case, the witness H. L. Popejoy clearly was not "directly interested" in the event of the action. If the witness was the owner of a part of the property involved in this controversy, as alleged in the answer, his rights therein cannot be affected by the result of this action, since he has not been made a party defendant. After the termination of this suit he can claim and recover his property from any one detaining the same, whether it be the plaintiff or the defendant. He has nothing to gain or lose by the direct legal operation and effect of whatever judgment may be rendered in this action. The record will not be legal evidence either for or against him in any other action wherein he may assert his rights to the property. The case is controlled by the rule stated in 12 Enc. of Ev. 776 as follows:

"Interest in the property involved in an action does not make the witness interested within the meaning of the statute, where it appears that he has no interest in the result of the suit."

He is merely interested in a part of the property but clearly not "directly interested in the event" of the action, as contemplated by the statute.

For the reasons above stated we are of the opinion that the witness was not directly interested in the event of the action, within the meaning of the statute, and that therefore the court erred in excluding his testimony.

The judgment is reversed and the cause remanded for a new trial.

*Reversed.*

Chief Justice Hill and Mr. Justice Bailey concur.