No. 18,009.

O. L. Miller *v.* Lillian Hepner, Executrix of the Estate of A. J. Hepner, Deceased, et al.
(314 P. [2d] 604)

Decided August 12, 1957.   Rehearing denied September 9, 1957.

Mr. Solomon Girsh, for plaintiff in error.

Mr. James D. Doyle, Mr. Carl H. Seeliger, Jr., for defendants in error.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

This action was commenced on May 21, 1954, by plaintiff O. L. Miller against A. J. Hepner, Lillian Hepner and W. & W. Inc. On March 21, 1956, plaintiff filed an amended complaint, and the defendant A. J. Hepner having died in the meantime, his executrix Lillian Hepner was substituted as a party defendant.

The amended complaint contained two counts. In count 1 it was alleged that A. J. Hepner, as an officer and director of defendant corporation, made unauthorized withdrawals from the corporation as alleged salary. Plaintiff prayed for an accounting. Count 2 was as follows: "1. That sometime after May 1, 1949, Plaintiff, defendants, A. J. Hepner and Lillian Hepner, entered into an agreement whereby defendant, A. J. Hepner, would pay unto each of the others such amounts received by him each month from the corporation as salary which was in excess of that which corporation would have been required to pay for management of the apartment house which is and was the sole property of the corporation. 2. That under the agreement defendant, A. J. Hepner, was obliged to pay unto plaintiff the sum of Forty-Seven Dollars and Eighty-Three Cents ($47.83) per month. That defendant, A. J. Hepner, has failed and refused to pay unto plaintiff the amounts due plaintiff under the

terms of the agreement from and after March 31, 1951, despite repeated requests therefor. * * * "

Defendants filed general denials and alleged affirmatively that Count 1 was inconsistent with Count 2 in law and in fact.

On March 27, 1956, at a pretrial conference the trial court required plaintiff to elect between the counts of the amended complaint. Plaintiff elected to rely upon Count 2. Trial was to the court without a jury, and resulted in judgment of dismissal. Plaintiff, seeking reversal of the judgment brings the cause here on writ of error.

Plaintiff urges three propositions for reversal of the judgment: (1) That at the pretrial conference plaintiff was improperly required to elect between Count 1 and Count 2 of his amended complaint; (2) that upon the trial plaintiff's proffered testimony under C.R.S. 1953, 153-1-2 (6), was improperly excluded as incompetent by the court; (3) that after plaintiff had been permitted to introduce in evidence a deposition of the deceased A. J. Hepner, plaintiff's proffered testimony in explanation of the deposition was improperly excluded as incompetent by the court. The factual situations pertinent to the question requiring our determination will be set forth in our discussion thereof. The disposition hereinafter made makes it unnecessary to consider the first point mentioned above, other than to say that ordinarily an election of counts should not be required of plaintiff prior to presentation of evidence offered by him upon the trial.

Question for Determination.

*Did the court err in excluding as incompetent the testimony of the plaintiff O. L. Miller, offered under C.R.S. 1953, 153-1-2 (6)?*

The question is answered in the affirmative. At the start of the trial the testimony of plaintiff was offered as to agreements, conversations and matters which took place in the presence of, by and with deceased, and

also in the presence of his wife, now widow, Lillian Hepner, executrix and beneficiary of his estate and defendant in this action. Mrs. Hepner was present in court. Plaintiff's testimony was offered under C.R.S. 1953, 153-1-2 (6). Defendants' counsel objected that plaintiff was incompetent to testify, citing *Norris v. Bradshaw, infra.* The trial court ruled, after reciting Count 2 of the amended complaint: "That under the alleged agreement the said Lillian Hepner was a party to the agreement and thereby had an interest in the agreement. For that reason under the cases cited by counsel for the defendants the objection is sustained." The competency or incompetency of plaintiff's proffered testimony in his own behalf is determined by C.R.S. 1953, 153-1-2 (6), which provides:

"In any such action suit or proceeding, any adverse party or parties in interest may testify as to any conversation or admission, or as to all matters and things connected with the subject matter of said action, suit or proceeding, and which conversation and admission and matters and things occurred before the death .and in the presence of such deceased and also in the presence of any member of the family of such deceased person over the age of sixteen years, or in the presence of any heir, legatee or devisee of such deceased person over the age of sixteen years; provided, that such member of the family, heir, legatee or devisee as the case may be, is present at the hearing of said action, suit or proceeding, or whose testimony is or may be procurable at such trial."

Regardless of its background, the agreement mentioned by the trial court was severable. Defendants' counsel after the election of remedies aptly said: "Now the second so-called count, which is a cause of action, I presume, involves a matter which is more properly a claim in the county court. It has nothing to do with the corporation. It is distinct and it is personal to the plaintiff." Although plaintiff recited the promise of payments

to Mrs. Hepner, he sued only upon the promise made to him. Counsel for Mrs. Hepner did not assert that the promise to pay her was joint, or was jeopardized by plaintiff's suit. The promise to pay Mrs. Hepner gave her a separate and personal interest arising out of the circumstances recited in plaintiff's complaint but was not an interest dependent upon plaintiff's action. *Allen v. Shires,* 47 Colo. 433, 107 Pac. 1070; *Popejay v. Bahr,* 67 Colo. 385, 176 Pac. 947; 97 C.J.S. 607, notes 4 and 5; 97 C.J.S. 609, notes 21-24. However the decisive test here is *when,* in point of time, the interest is to be determined. "The competency of a witness, in so far as his interest is concerned, generally depends on the facts as they exist at the time when his testimony is offered, rather than at the time of the filing of the petition." 97 C.J.S. 605-6, notes 91, 92. Compare *Norris v. Bradshaw,* 92 Colo. 34, 18 P. (2d) 467, where Mrs. Bradshaw was the bona fide heir at the time she claimed her father made the gift of money, but at the time of the trial she "had no interest in preserving the assets of the estate, for after the payment of the expenses of administration and the [stepmother's] widow's allowance, there would be nothing left to go to her as heir. She had a direct pecuniary interest hostile to the estate; namely, an interest in establishing the claim of herself and her husband to the property in question."

Let us examine the situation in the instant case at the moment plaintiff sought to testify as to his conversations with the deceased in the presence of Mrs. Hepner. As to her, all corporation ties had been eliminated by plaintiff's compulsory abandonment of Count 1. Her several rights arising from the agreement mentioned by the court were unaffected by any possible judgment plaintiff might obtain in the present suit. *Allen v. Shires, supra.* As a practical matter the establishment of her rights under the agreement could only take money out of one pocket and put it into the other, for, with the exception of a gift to their son, she was the

sole beneficiary under the will of A. J. Hepner. At the time plaintiff sought to testify as to conversations with the decedent in her presence, Mrs. Hepner had nothing to gain by validating plaintiff's testimony under subsection (6). But what did she have to lose? As almost the sole beneficiary of A. J. Hepner's will she would lose the entire amount of any judgment plaintiff might recover against the estate. *Stepp v. Stepp,* 101 Colo. 506, 75 P. (2d) 146; *Norris v. Bradshaw, supra.*

To sum up: Mrs. Hepner's pecuniary loyalties were entirely on the side of the estate. She was wholly adverse to the claim of plaintiff. She fulfilled the letter and the spirit of C.R.S. 1953, 153-1-2 (6).

The foregoing conclusion eliminates the necessity for consideration of the other points argued by counsel for reversal of the judgment. The judgment is reversed and the cause remanded with directions to grant a new trial in harmony with the views herein expressed.