No. 22120.

HARRY E. ZIETZ *v.* ESTATE OF CHARLES E. TURNER A/K/A
C. E. TURNER; DOROTHY BROCK, INDIVIDUALLY AND DOROTHY
BROCK AS EXECUTRIX OF THE ESTATE OF CHARLES E.
TURNER A/K/A C. E. TURNER.
(452 P.2d 1)

Decided March 24, 1969.     Rehearing denied April 14, 1969.

Joseph A. Myers, H. D. Reed, John A. Kintzele, for plaintiff in error.

Creamer and Creamer, George Creamer, for defendants in error.

*En Banc.*

Mr. Justice Kelley delivered the opinion of the Court.

The parties appear here in the same order as in the trial court.

This lawsuit involves the application of the so-called "Dead Man's Statute," C.R.S. 1963, 154-1-2(1):

"No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, by virtue of section 154-1-1, when any adverse party sues or defends as the * * * executor or administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee; * * *"

The plaintiff's claim is based upon an alleged agreement between his mother, Vere Casaday, and C. E. Turner, deceased, wherein Turner promised to bequeath one-third of his estate to Vere Casaday in return for a present conveyance of her interest in property held by the two as tenants in common.

In order to establish his claim, plaintiff had to rely upon the testimony of his mother. After Mrs. Casaday had testified as to the background of her relationship with decedent and was to the point of testifying as to the alleged agreement, the defendants objected on the ground that Mrs. Casady "was a person directly interested in the event" of the lawsuit.

The trial court sustained the objection. The plaintiff then made an offer of proof which, if believed by the trier of the fact, would be sufficient to sustain a finding that the alleged agreement was entered into.

The crucial question presented to the trial court when the statute is invoked is whether the witness is "directly interested in the event thereof."

The trial court, in sustaining the objection to Vere Casaday's testimony, explained the reason for its ruling with this statement:

"Well, I think she does have an interest, I think she has an interest. She is the mother of this boy. If we were to permit her to testify, here we have this conversation, if it was a conversation, or an agreement if it was an agreement, out of the presence of these heirs, indicating that the decedent — and he's passed away now and he is not available for testimony — indicating certain conditions exist and certain things could happen. If that were permitted, it would be possible for a situation to absorb most of an estate without right or without any benefit at all as far as the heirs are concerned."

From the admitted evidence and the offer of proof which followed the court's ruling, a factual background was developed by the plaintiff which, in condensed form, follows:

Emma Turner, tenant in common with C. E. Turner of a parcel of land (the property) in Jefferson County, died intestate in 1948.

Surviving Emma Turner as heirs at law were her husband, C. E. Turner; their daughter, Dorothy Brock; and Emma's daughter by a prior marriage, Vere Casady, mother of the plaintiff. By operation of law Mr. Turner succeeded to a one-half, and Mrs. Brock and Mrs. Casaday succeeded to a one-fourth interest each in their mother's interest in the property. Mr. Turner thus became the owner of an undivided three-fourths interest, and Mrs. Brock and Mrs. Casaday each became the owners of an undivided one-eighth interest in the property.

C. E. Turner died testate in 1960, bequeathing $5000 to the plaintiff and leaving the balance of his $200,000 estate to Mrs. Brock.

The plaintiff sued Mrs. Brock, individually and as the executrix of the estate of C. E. Turner, as a third party beneficiary of an alleged oral agreement between his mother and the decedent.

The alleged agreement, reduced to its basic purport, was that in return for a conveyance to the decedent of Mrs. Casaday's one-eighth interest in the property, decedent would by his will devise one-third of his estate to her son, the plaintiff.

In compliance with her alleged promise, Mrs. Casaday executed a quitclaim deed on February 1, 1955, which was not acknowledged until July 30, 1960, conveying her one-eighth interest in the property to C. E. Turner.

There was no testimony to suggest that Mrs. Casaday was *directly interested* in the outcome of the lawsuit, other than the normal interest a parent has for the welfare of a child. Mrs. Casaday, at the time of the trial, was seventy years of age. She had never received support from the plaintiff and stated that she anticipated living on social security and the state pension in the future.

■ This court last considered the Dead Man's Statute in *Sussman v. Barash,* 157 Colo. 124, 401 P.2d 608. In *Sussman* we held that the statute did not bar the testimony of the decedent's brothers in support of their sister's claim against the estate of a deceased brother based upon a promise by decedent to give her $3000 toward the purchase of a home. This court, in reaching its decision, followed the general rule as enunciated in 58 Am.Jur. 184. *See also* authorities cited in *Sussman.* The opinion also quoted with approval from an annotation in 149 A.L.R. 1130, relating to the applicability of the Dead Man's Statute to the testimony of a surviving party to a contract with a decedent for the benefit of a third person. The conclusion in *Sussman* was that the brothers

were not directly interested in the outcome of their sister's claim against the estate of her deceased brother and they were permitted to testify.

The reasoning and the rule of law in *Sussman* is applicable to the facts of this case. Accordingly, this case must be reversed and remanded for a new trial. *See also* Model Code of Evidence rule 101, Comment b at 92.

Defendant contends that Mrs. Casaday is an "interested person" because (1) she *could* have brought the action to enforce the contract, and (2) that her interest is manifest because the successful prosecution of the action would make it less likely that the witness would ever become obligated to support her son by virtue of C.R.S. 1963, 36-10-8.

Whatever may be the fact as to whether Mrs. Casaday *could* have brought the action to enforce the contract, she did not do so, nor was she required to do so. As of the time that the defendant objected to her testimony the witness was not a party to the action. The disqualifying interest, within the meaning of the Dead Man's Statute, is determined as of the time the testimony sought to be excluded is offered. 58 Am.Jur. 280.

Similarly, the record does not show that plaintiff was a "poor person" entitled to his mother's support as of the time of the objection to his mother's testimony. In disposing of defendant's contention in this manner we do not mean to imply that the possibility, whether remote or imminent, that she might be compelled to support her son would, under different circumstances, be material. We simply hold that under the record here her financial status is not material to the issue of the admissibility of the witness' conversation with the decedent.

We have considered the other contentions of the defendant but do not regard them of sufficient merit to extend this opinion.

As above indicated, the judgment must be and is reversed and the cause remanded for a complete new trial, consonant with the views herein expressed.