498 P.2d 960 (1972)
In the Matter of the ESTATE of Timothy G. GRANBERRY, also known as T. G. Granberry, Deceased.
Harry G. SIMS, Executor, Plaintiff-Appellant,
v.
Claim of Anna E. BAKER, Defendant-Appellee.
No. 70-678.
Colorado Court of Appeals, Div. II.
May 2, 1972.
Rehearing Denied May 23, 1972.
*961 Dawson, Nagel, Sherman & Howard, Michael A. Williams, Marilyn J. Cason, Denver, for plaintiff-appellant.
Sherman, Quinn & Sherman, Edward H. Sherman, Charles Ginsberg, Denver, for defendant-appellee.
Selected for Official Publication.
PIERCE, Judge.
The controversy before us pertains to a claim against a decedent's estate wherein the claimant maintains that decedent had held 25 acres of land in trust for claimant and, at the time of his death, was similarly holding in trust proceeds from the sale of this land. The trial court allowed the claim and we affirm.
The parties will be referred to as they appeared in the probate court: Harry G. Sims, as executor; Anna E. Baker, as claimant or by name; and the decedent, T. G. Granberry, by name.
*962 An understanding of the legal principles involved requires a chronological statement of the operative facts necessarily accepted by the trial court to be true.
The 25 acres in question was part of a quarter-section of land, referred to herein as "the ranch property." The record shows that Lillian Horn acquired the ranch property by deed in 1921, prior to her marriage to T. G. Granberry. In 1926, she conveyed the entire ranch property to her sister, Vivian C. Gray, mother of claimant. In 1928, after Lillian Horn's marriage to Granberry, Vivian Gray conveyed the entire quarter-section back to Lillian Horn Granberry by deed. There the title remained until Lillian's death in 1932. Thereafter, the property descended to her heirs: one-half to T. G. Granberry, her husband, and the remaining one-half to her sons, James and Harry Sims.
The deceased's second wife, Gwendolyn Doyle, to whom he was married for a short period of time many years before his death, testified that in 1934, the year of Lillian's death, she asked Mr. Granberry why he did not build a home on the ranch property. In response, Granberry stated "There are so many in on this ranch . . . [i]t's not all mine." She testified that Mr. Granberry specifically included Vivian Gray as a party having an "interest" in the property.
By quitclaim deed, dated June 3, 1940, James and Harry Sims conveyed their interest in the ranch property to T. G. Granberry.
On August 3, 1950, T. G. Granberry executed a document, hereinafter referred to as Exhibit "O", which was directed "To whom it may concern." This direction was followed by the diagram set forth below:

Under the diagram was a legal description of the parcels of land shown on the diagram by letter. The legal descriptions were followed by the only operative language on the document: "I, T. G. GRANBERRY, OF LEGAL AGE AND SOUND MIND DO HEREBY BEQUEATH THE ABOVE DESCRIBED PROPERTY AS DESIGNATED. EITHER DESIRING TO SELL, I MUST HAVE FIRST CHOICE AS PURCHASER." (Emphasis in original) This document was signed by Granberry before a notary public on the day of its execution, but was never recorded.
In 1954, Earl Leslie Baker, a son of claimant, was attending Julliard School of Music in New York City. He testified *963 that he had a conversation with Granberry in New York at which time Granberry told him, "Well, pursue as long as you can and follow the career, and remember that there's always a home to come back to and that there are properties available for your use."
Record title to the entire ranch property remained in T. G. Granberry until September 15, 1959. On that date, he conveyed one 25-acre tract to Harry G. Sims and another 25-acre tract to James T. and Sarah B. Sims. On September 13, 1961, Mr. Granberry conveyed the balance of the ranch property to Marlborough Land Company.
Earl Leslie Baker testified that a second conversation took place in Denver between himself and Granberry in 1964. Baker testified that he was advised not to concern himself about paying for his sister's funeral expenses because Granberry had sold some properties which he referred to as "the ranch." According to Baker, Granberry further stated that "he had not received all the moneys for the sale, and as soon as he had gotten all the money in and had paid off whatever expenses were incurred in the sale of the property, that he was to call in all the heirs for the ranch and divide the moneys up between them according to the number of acres that they had." Baker testified that Granberry, on this occasion, drew a diagram, similar to that on Exhibit "O", to refresh Baker's memory about the land and referred to the 25 acres of property in question as if it belonged to Vivian Gray.
Evidence presented at the trial further showed that Exhibit "O" was in the possession of Vivian Gray during her lifetime and then came into the possession of claimant.
T. G. Granberry died in June 1968, and thereafter this contested claim was filed by claimant.
Upon consideration of the totality of the foregoing facts, the trial court determined that the funds received by T. G. Granberry from the sale of the 25 acres designated on Exhibit "O", as parcel "C", were received and held by him as trustee for Vivian C. Gray and her heirs, and that claimant, as sole heir of Vivian Gray, was entitled to said fund, plus interest from September 13, 1961, the date of the sale. We affirm as to the award of the principal sum but reverse as to the award of interest.

I.
In order to find an express trust, clear and convincing evidence is required, see Lambrecht v. Poudre Valley National Bank, 83 Colo. 387, 265 P. 901, and a review of the record shows that this standard has been met.
The sufficiency of evidence to establish an express trust is a matter for determination by the trier of fact. In re Estate of Alberts, 38 Cal.App.2d 42, 100 P.2d 538. On appellate review of the trial court's findings it is necessary that we view the record in a light most favorable to the judgment, the presumption being that the trial court is correct. Baumgartner v. Tweedy, 143 Colo. 556, 354 P.2d 586; Morgan v. Wright, 156 Colo. 411, 399 P.2d 788; Sutton v. Ahart, 80 Colo. 420, 252 P. 346. In order to affirm the trial court's decision in this case, however, evidence to support the following elements of an express private trust in the subject property must appear in the record. In brief, these elements are: (1) the settlor's capacity to create a trust; (2) his intention to create a trust; (3) a declaration of trust or a present disposition of the res; (4) an identifiable trust res; (5) a trustee; and (6) identifiable beneficiaries. Restatement (Second) of Trusts § 17, et seq.; G. Bogert, Trusts and Trustees § 41, et seq. (2d ed.).
As a general rule, a person has a capacity to create a trust by declaring himself trustee of property to the extent that he has capacity to transfer the property inter vivos. Restatement (Second) of Trusts § 18. The record in the case at hand indicates *964 that Granberry held the record title to the subject property and was under no disability to make an inter vivos disposition of the property or declare himself trustee thereof. The trial court's determination that Vivian Gray was a beneficiary and that the trust res included the property set forth in its judgment was adequately supported by Exhibit "O", which contained a legal description of individual parcels of land and designated the individuals with an interest therein. We find that the evidence in this case adequately supports the trial court's determination that Granberry manifested an intention to establish a trust for the benefit of Mrs. Gray. This intention was manifested by Granberry's declarations as evidenced in Earl Baker's testimony that Granberry was holding the property in trust at the time of their 1954 conversation. Restatement (Second) of Trusts § 17(a). The use of the word "trust" by Mr. Granberry is not necessary to establish a legally sufficient trust. Restatement (Second) of Trusts § 24(2) Comment b.

II.
The executor next contends that the trial court erred in admitting the testimony of Earl Leslie Baker regarding conversations that he had with the deceased, T. G. Cranberry, on the grounds that this evidence was inadmissible under the dead man's statute, C.R.S.1963, 154-1-2, and that it was hearsay. We disagree. The determination as to whether a party has a disqualifying direct interest in the proceedings, within the dead man's statute, is made as of the time the testimony sought to be excluded is offered. Zietz v. Estate of Turner, 168 Colo. 449, 452 P.2d 1; Miller v. Hepner, 136 Colo. 48, 314 P.2d 604. When this action was tried, Anna E. Baker was alive and Earl Leslie Baker's interest in the property was no more than an expectancy. Under these circumstances, we find that C.R.S.1963, 154-1-2, did not bar the testimony of Earl Leslie Baker. See White v. Bower, 56 Colo. 575, 136 P. 1053; Burnham v. Grant, 24 Colo.App. 131, 134 P. 254. Although Baker's testimony was hearsay, Granberry's alleged statements were statements against interest and were properly admitted under that exception to the hearsay rule. C. McCormick, Evidence § 253.

III.
The executor next contends that the trial court erred in awarding interest on the amount received from the property from the date of sale, and contends that interest is allowable only from the date of judgment. We agree. Interest, when there is no agreement therefor, is a matter of statute. Hunter v. Wilson, 147 Colo. 36, 362 P.2d 553; Dexter v. Collins, 21 Colo. 455, 42 P. 664. The only provision of C.R.S.1963, 73-1-2, bearing any relationship to trusts does not, upon the facts established, permit the award of interest granted herein. C.R.S.1963, 73-1-2, provides, in pertinent part, that:
"Creditors shall be allowed to receive interest, when there is no agreement as to the rate thereof, at the rate of six per cent per annum . . . on money received to the use of another and retained without the owner's consent, expressed or implied, from the receipt thereof . . .."
In the case at hand, there has been no showing and no finding on the part of the trial court that the money received was held without the owner's consent. We therefore find no authority for the award of interest from the date of sale.
Judgment affirmed in part, reversed in part, and remanded for amendment of that part of the judgment awarding interest.
COYTE and SMITH, JJ., concur.