515 P.2d 1133 (1973)
In the Matter of the ESTATE of Viola Patricia ENZ, also known as Viola P. Enz, deceased.
Donna B. JOHNSTON et al., Caveators-Appellants,
v.
The COLORADO NATIONAL BANK OF DENVER, Proponent-Appellee, John Rushing Grant and William R. Grant, Proponents, Beneficiaries and Appellees.
No. 72-191.
Colorado Court of Appeals, Div. II.
August 28, 1973.
Rehearing Denied September 18, 1973.
Certiorari Denied December 3, 1973.
*1135 L. Joseph Pittroff, Frickey, Cairns & Wylder, P. C., Norton Frickey, Earl S. Wylder, Denver, for caveators-appellants.
Garrett & O'Hara, Peter L. Garrett, Denver, for proponent-appellee, The Colo. Nat. Bank of Denver.
Friedman, Bader & Moore, Davis W. Moore, Jr., Denver, for proponents-beneficiaries, and appellees, John Rushing Grant and William R. Grant.
Selected for Official Publication.
ENOCH, Judge.
This is an appeal from a judgment admitting a lost will to probate.
Viola Patricia Enz died on April 18, 1970. The Colorado National Bank, as executor, petitioned the probate court to admit for probate a document alleged to be a copy of the lost will of the decedent. Nine of decedent's heirs at law filed caveats contesting admission of the will. Trial of the case was to a jury which returned a verdict in favor of the proponents and beneficiaries of the will. The caveators appeal from the judgment entered on the verdict. We affirm.
On March 19, 1964, the decedent executed her last will and testament which had been prepared by her attorney. The original and one copy of the will was retained by decedent; one copy was retained by her attorney; and another copy was sent to the Colorado National Bank. The will provided certain bequests to several of the decedent's relatives with the residue of the estate to be transferred to two trusts for the benefit of her great-grandnephew, John Rushing Grant. The Bank was named executor of the will.
Subsequent to the execution of the will, decedent, upon the basis of a report of a medical commission, was found by the court to be mentally ill and her attorney was appointed guardian and the Bank was appointed conservator of decedent's estate. Thereafter, several searches failed to produce the original of the will. Following decedent's death, the original was not found. The Bank subsequently filed a copy of the will for probate and was appointed special administrator of the estate.

I.
Prior to the trial, one of the caveators filed a petition to remove the Bank from its position as special administrator of the estate. The court, after a hearing, denied the petition and the denial thereof is asserted as error. It was alleged that under the provisions of C.R.S.1963, 153-10-8(2), the Bank should be removed as fiduciary because it had wasted and mismanaged the estate and conducted itself in such a manner as to endanger the interest of the petitioner by proceeding to admit for probate the purported lost will of the decedent. The Bank had in its possession a copy of the will appointing it executor. C.R.S.1963, 153-5-17(1), provides that it is the duty of the executor of a will, knowing of his being so named and appointed, to begin proceedings to cause such will to be proved. The caveators' contention that this duty does not arise with respect to a lost will is rejected.
It is also argued that the Bank is financing the probate of the will to the detriment of the caveators. This argument is answered by C.R.S.1963, 153-5-17(2), which provides that an executor, when acting in "good faith" to establish a will, shall *1136 be entitled, at the expense of the estate, to employ counsel and incur expenses necessary to prove or attempt to prove the will. The record does not establish that the Bank acted in bad faith in proceeding to establish the lost will. Under the circumstances, the court properly found that the statutory requirements for removal of the Bank as fiduciary were not established.

II.
The caveators stipulated before the trial to three of the requirements for establishing a lost will under 1965 Perm.Supp., C. R.S.1963, 153-5-28. It was stipulated that the will dated March 19, 1964, was validly executed; that the original of the will had been lost or for some other reason was unavailable; and that the contents of the will were established by the Bank's exhibits. The parties stipulated that the only issue to be determined was whether the will was in existence at the time of the death of the decedent.
Upon trial, the decedent's attorney testified to the circumstances surrounding the execution of the will and to various conversations he had had with decedent concerning the whereabouts of the original of the will. He testified to statements by the decedent that the will had not been destroyed and that it would be found in her apartment. Further, he testified that he had read a copy of the will to decedent; that she had approved the will; and that she desired to republish the original will with a minor change.
The caveators contend that this testimony was in violation of the dead man's statute, C.R.S.1963, 154-1-2. The caveators filed a pretrial motion to declare the decedent's attorney incompetent to testify at trial. The trial court, in the exercise of its discretion, ruled that such objection should be made at trial when the witness is called and the alleged objectionable testimony is offered. See Zietz v. Estate of Turner, 168 Colo. 449, 452 P.2d 1; Parker v. Hilliard, 106 Colo. 187, 102 P.2d 734. At trial, the caveators did not object to the competency of the attorney or to the admissibility of his testimony, and subsequently cross-examined him concerning his conversations with decedent pertaining to the lost will. The actions of the caveators, under the circumstances, constitute a waiver of their objection to the competency of the witness to testify concerning decedent's declarations. Stender v. Cunningham, 123 Colo. 5, 225 P.2d 52.

III.
The caveators also contend that decedent's attorney was incompetent to testify because, as attorney for the estate, he had a financial interest in the estate. We do not agree with this contention. 1969 Perm.Supp., C.R.S.1963, 154-1-2(9), provides that in any proceeding to establish a will or contest such probate or establishment, the expectation of just compensation in connection with the administration of the estate of the testator is not a direct interest in the event so as to render the witness incompetent to testify. We also find no merit in the caveators' argument that the attorney had a financial interest based on the speculation raised by the caveators that the attorney might be subject to a law suit by a beneficiary under the will if it were not admitted to probate. The court properly permitted decedent's attorney to testify.

IV.
It is further asserted that the court erred in admitting testimony of decedent's declarations to the effect that the will was in existence at the time of her death. When a will, last seen in the possession of the testatrix, cannot be found following her death there is a presumption that the testatrix destroyed the will with the intent to revoke it. However, the presumption may be rebutted by evidence of *1137 decedent's declarations tending to prove decedent believed the will to be in existence unrevoked. Eder v. Methodist Episcopal Church Ass'n, 94 Colo. 173, 29 P.2d 631. The testimony as to decedent's declarations was properly admitted.
The caveators further contend that decedent must have had testamentary capacity at the time she made her declarations concerning the existence of the will. Though it is necessary to possess testamentary capacity to execute or revoke a will, In re Estate of Sebben, 151 Colo. 12, 375 P.2d 516, we hold that it is not necessary that a decedent have testamentary capacity to believe that a will is in existence.

V.
The caveators next contend that the court erred in excluding testimony of a psychiatrist concerning whether attorneys send clients to him prior to the execution of their wills to determine whether the clients have testamentary capacity. Since the caveators had stipulated that the will was validly executed, the decedent's testamentary capacity at the time of execution was not at issue. Thus, the challenged testimony is not pertinent to any issue in the case and was properly excluded. See Craghead v. McCullough, 58 Colo. 485, 146 P. 235.

VI.
The caveators' final objection is to the trial court's refusal to submit to the jury seven of their tendered instructions. The record indicates that the instructions tendered were either incorrect or repetitive, or that their subject matter was already adequately covered by the instructions given by the court. We find no error in the court's refusal of the tendered instructions.
The other allegations of error raised by the caveators have been reviewed and are found to be without merit.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.