May Bell GADDIS, Executrix of the Estate of William H. Gaddis, a/k/a W. H. Gaddis, Deceased, Plaintiff-Appellant,

v.

Ralph L. McDONALD,
Defendant-Appellee.

No. 79CA1059.

Colorado Court of Appeals,
Div. II.

Aug. 27, 1981.

Fishman, Gengler & Geman, P.C., Raymond J. Gengler, Ted J. Gengler, Denver, for plaintiff-appellant.

Bosworth & Slivka, P.C., Arthur H. Bosworth, II, Denver, for defendant-appellee.

ENOCH, Chief Judge.

May Bell Gaddis, the executrix of the estate of William H. Gaddis (estate), appeals the trial court's judgment that defendant, Ralph L. McDonald (McDonald), was entitled to a 1% overriding royalty in certain oil and gas leases held by decedent. We affirm.

In the fall of 1962, McDonald went to work for Gaddis Mining Company, which company was owned by decedent. McDonald was a geologist and was responsible for developing oil and gas leases. McDonald alleges that, by a verbal employment agreement with Gaddis, he was to receive a monthly salary plus a 1% overriding royalty interest in all oil and gas leases acquired in Gaddis' name during the time of his employment.

A.E. Woodley (Woodley) was the land manager for the Gaddis Mining Company

oil and gas interests. His duties included drawing up documents for the assignment of various interests in the oil and gas leases which were obtained on behalf of Gaddis. Mr. Woodley also claimed to have had an oral employment agreement substantially similar to McDonald's.

At the time of Mr. Gaddis' death in July 1964, certain overriding royalty interests on leases previously obtained on behalf of Gaddis had not been conveyed to McDonald or Woodley. McDonald and Woodley filed claims against the estate for conveyance of these interests and then brought separate suits after their claims were denied by the executrix.

Woodley's claim, almost identical to McDonald's, was tried first. However, Woodley's attempt to testify as to his employment agreement was denied on the basis of the Colorado Dead Man's Statute. Woodley did not proffer any other witnesses that could testify as to the terms of his employment contract, and accordingly, the trial court denied Woodley's claim.

Approximately 90 days after Woodley's claim was denied, McDonald's claim was tried. During the trial and over the objections of counsel for the estate, Woodley was allowed to testify concerning a meeting he attended with the deceased, another employee, and McDonald. Woodley testified that at this meeting the deceased informed him that McDonald would be entitled to a 1% override in each lease acquired during his employment and that Woodley was to prepare the necessary documents as the leases were acquired. At the conclusion of the trial, the court ruled in favor of McDonald's claim.

## I.

■ The estate first contends that the trial court erred in allowing the testimony of Woodley because such testimony was barred by the Dead Man's Statute, § 13–90–102, C.R.S.1973 (1980 Cum.Supp.). We disagree.

The Dead Man's Statute provides in part that:

"No party to any civil action, suit, or proceeding or person directly interested in any event thereof shall be allowed to testify therein on his own motion or in his own behalf by virtue of section 13–90–101, when any adverse party sues or defends as the . . . executor or administrator, heir, legatee, or devisee of any deceased person . . . ."

It is clear that Woodley was not, at the time of his testimony, and is not now a party to this action. It is further undisputed that Woodley had not appealed the trial court's termination of his claim and, thus, could not benefit from any outcome or evidence resulting from this litigation. Therefore, as of the time of the trial of this claim, Woodley had no direct interest in any outcome of the litigation. And, "[t]he disqualifying interest within the meaning of the Dead Man's Statute is determined as of the time the testimony sought to be excluded is offered." *Zietz v. Estate of Turner*, 168 Colo. 449, 452 P.2d 1 (1969). *See also Estate of Granberry v. Claim of Baker*, 30 Colo.App. 590, 498 P.2d 960 (1972). Accordingly, the trial court did not err in finding the Dead Man's Statute was not a bar to the testimony. *Cf. Schulz v. Hickok Manufacturing Co.*, 358 F.Supp. 1208 (N.D.Ga. 1973). (In action brought by discharged employee under the Age Discrimination in Employment Act, second discharged employee had no legal, financial, or other interest in outcome which would bring him within the scope of the Georgia Dead Man's Statute.)

## II.

■ The estate next contends that Woodley's testimony should have been barred on grounds that it was inadmissible hearsay. We disagree.

Woodley testified, in relevant part, as follows:

"Mr. Gaddis told me that . . . from then on Ralph [McDonald] would be entitled to a consignment of 1% override, which was my case, on all leases acquired in Mr. Gaddis' name and for me to prepare the assignments as soon as the leases had

been acquired and sent out for recording."

Portions of this testimony may be hearsay. Nevertheless, the entire statement is admissible under the hearsay exception as a statement against interest. *See In Re Estate of Granberry, supra.* *See also* 6 *J. Wigmore, Evidence* § 1788 (Chadbourn Rev. 1976).

### III.

■ The estate lastly contends that the statute of frauds bars recovery by McDonald under the verbal agreement. Again, we disagree.

An overriding royalty interest in respect to oil and gas leases is a real property interest, and as such, conveyance of that interest is subject to the statute of frauds. *See Hagood v. Heckers,* 182 Colo. 337, 513 P.2d 208 (1973). However, where the claimant has, as here, fully or substantially performed under the agreement, the statute is inapplicable. *See Burnford v. Blanning,* 189 Colo. 292, 540 P.2d 337 (1975).

We decline to award McDonald his requested attorney fees based on § 13–17–101(3), C.R.S.1973.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.