In the Matter of the ESTATE OF Helen Sloan DANIELS, Deceased.

Robert S. AYRES, Petitioner-Appellee,

v.

Marilee Nielson KING, Mae Belle Gentry, and Rae Kuykendal, Respondents-Appellants.

No. 81CA0301.

Colorado Court of Appeals, Div. II.

Dec. 17, 1981.

Rehearing Denied Jan. 14, 1982.

Certiorari Granted April 26, 1982.

McDaniel & McDaniel, L. W. McDaniel, Durango, for petitioner-appellee.

James C. Anesi, Lawrence C. Malick, Durango, for respondents-appellants.

VAN CISE, Judge.

Respondents, King, Gentry, and Kuykendal, beneficiaries under an inter vivos trust, the trustee of which is designated by will to receive the remainder of decedent Daniels' estate, appeal the court's order holding the trust agreement not in effect at her death. We reverse.

In 1974, decedent, Helen Sloan Daniels, as settlor and as trustee, signed an instrument entitled "Helen Sloan Daniels Trust Agreement." The other named trustee, Susan Ayres Davies, did not sign the agreement, and did not know of her appointment or of the existence of the trust until after decedent's death. The trust provided for cash gifts, forgiveness of certain debts, and discretionary payments of certain expenses. It then named, as beneficiaries to receive in equal shares the remainder of the trust, petitioner Robert S. Ayres, respondents Marilee N. King, Rae S. Kuykendal, and Mae Belle Gentry, and two others, Katherine Ayres and Susan Ayres Davies, who are not parties to this appeal.

Immediately after signing the trust agreement, decedent signed her will. The will provided, as to the disposition of the remainder of the estate:

"*Section 1.* All the rest of my property I give to the then acting Trustee under a trust agreement executed by me as Settlor on November 12, 1974, prior to the execution of this Will. This property shall be added to the trust estate existing by reason of such agreement at the time of my death and be administered under its terms.

*Section 2.* If the trust created by said agreement is not in effect at my death, I give all the rest of my property to ROBERT S. AYRES if he survives me by thirty (30) days. If he does not so survive me, I give all the rest of my property to KATHERINE AYRES if she survives me by thirty (30) days or, if not, then to SUSAN AYRES DAVIES."

Susan Ayres Davies was named as executrix.

Decedent died in May 1979. The will was admitted to formal probate and Susan Ayres Davies was appointed as personal representative. Robert S. Ayres petitioned the court to find the trust void and of no legal effect. King, Gentry, and Kuykendal filed a response and objection to the petition, requesting the court to deny Ayres' petition and to find the trust valid. The personal representative, Davies, petitioned for instructions regarding distribution.

The matter was then tried to the court. It permitted the introduction of evidence that decedent's lawyer had advised her that the trust would have to be funded and the co-trustee appointed before it would become effective. Also, testimony was presented as to acts and statements of decedent before and after execution of the trust agreement for the purpose of showing intent or lack of intent on her part to have the trust be effective. Based on this evidence, the court found that decedent believed the trust would not be effective until it was funded, that, not having funded it during her lifetime, she lacked the essential element of intent to create a trust, and that, therefore, the trust was invalid.

On appeal, King, Kuykendal, and Gentry contend that the court erred in ruling the trust invalid. We agree.

"The intention of a testator as expressed in his will controls the legal effect of his dispositions." Section 15–11–603, C.R.S. 1973. From the language of the remainder provisions of the will, it is clear that the testatrix intended the remainder of her estate to go to, and to be administered in accordance with the terms of, the trust provided for in the trust agreement and signed by her prior to the execution of the will, if that trust was in effect at her death. So the issue for decision in this case is not what was her intent, but whether the trust was in effect at her death. We hold that it was, as a matter of law.

■ The fact that the trust was not funded after it was created or that a trust corpus did not exist, other than the right to receive the benefits or to exercise the rights resulting from the trustee being designated as a beneficiary under her will, does not affect the validity of the trust. Sections 15–15–201(2) and 15–11–511(1), C.R.S. 1973. Also, this trust, having no asset other than the right to receive property on the death of the testatrix, is not required to be registered until that event occurs. Section 15–16–101, C.R.S. 1973.

■ The devise is not invalid because the trust is amendable or revocable during the settlor's lifetime, § 15–11–511(1), C.R.S. 1973. Nor did the trust terminate and the devise lapse when, on the death of the settlor/testatrix, there was no surviving trustee who had signed the trust agreement. The other trustee designated in the trust agreement, who, on the settlor/testatrix's death, became the sole trustee, was available to serve. See § 15–15–201(3), C.R.S. 1973. And, if she declined to serve, the court has jurisdiction to appoint a trustee. Section 15–16–201(1)(a), C.R.S. 1973.

The order is reversed, and the cause is remanded for the entry of a new order declaring the trust agreement to be valid and effective.

KELLY, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The sole issue presented to the trial court was whether the decedent created an effective trust during her lifetime. Among the elements necessary to create an express trust is the settlor's intention to create that trust. *Estate of Granberry v. Claim of Baker*, 30 Colo.App. 590, 498 P.2d 960 (1972); *Coriell v. Hudson*, 563 F.2d 978 (1977).

After the respondents placed the trust document with decedent's signature into evidence, the petitioner was permitted, by use of parol evidence, to submit facts purporting to establish that decedent, though she had affixed her signature thereto, did not intend the document to be effectuated. Parol evidence for this purpose may not vary the terms of the document nor create ambiguity therein, but rather, may show that the agreement was not effectively in existence. *See Cosper v. Hancock*, 163 Colo. 263, 430 P.2d 80 (1967); *Witherspoon v. Pusch*, 141 Colo. 525, 349 P.2d 137 (1960); *Burenheide v. Wall*, 131 Colo. 371, 281 P.2d 1000 (1955); *McGuire v. Luckenbach*, 131 Colo. 333, 281 P.2d 997 (1955).

Here, the trial court found and concluded that the requisite intent to create an operative trust was lacking. This conclusion was based upon the undisputed mistake of mixed fact and law, the leaving of the trust document with the attorney in Denver who had told her that it was of no force or effect, the placing of the will without the trust document in her safety deposit box in Durango, the generous direct *inter vivos* gifts to respondents after the signing of the trust document, and various statements made thereafter by the decedent. The record contains ample competent and substantial evidence on which the trial court reached its findings and conclusions. On review, I would not disturb its findings. *Estate of Granberry, supra.*